**POULTRY & BEEF OF PUERTO RICO, INC., Plaintiff,**

v.

**The SMITHFIELD PACKING COMPANY; Gilberto Prats, Defendants.**

Civ. No. 85–2373 (JP).

United States District Court, D. Puerto Rico.

March 31, 1986.

Rodriguez, Ramon, Peña & Diaz, Hato Rey, P.R., for plaintiff.

John M. García, Hato Rey, P.R., Ernesto Rivera Otero, Río Piedras, P.R., for defendants.

ORDER

PIERAS, District Judge.

The Court has before it the Petition for Removal of defendant Smithfield Packing Company ("Smithfield"), defendant Gilberto Prats' Motion Joining Petition for Removal, defendant Smithfield's Motion to Vacate Provisional Remedy, and the Motion to Remand of plaintiff Poultry & Beef of Puerto Rico, Inc. ("Poultry & Beef"). Defendant Smithfield, a Virginia citizen, claims that plaintiff's joinder of defendant Gilberto Prats, a Puerto Rican citizen, is fraudulent and intended to destroy this Court's diversity jurisdiction. Plaintiff alleges that co-defendant Prats is a real party in interest because of his alleged tortious interference with the contractual relationship between plaintiff and Smithfield.

The complaint filed in the Superior Court of Puerto Rico, Bayamón Section, on October 24, 1985 reveals that plaintiff has brought this action against defendants under Law 75, 10 L.P.R.A. 278 *et seq., as amended*, requesting liquidated damages in the sum of $3,000,000.00 plus costs and attorneys' fees. No injunctive relief is requested in the complaint. Subsequent to

filing the complaint, plaintiff moved for and received on November 6, 1985 a provisional remedy in the form of an injunction against both defendants pursuant to 10 L.P.R.A. 278b–1 and P.R.R.C.P. 56.1, 56.3 and 56.5.

The major issue before us is whether defendant Prats was fraudulently joined and is not a real party in interest. Courts have considered a party to be fraudulently joined (1) when the complaint fails to state any possible claim for relief against that party, that is, state law imposes no liability against that party on the facts alleged, or (2) when it can be deduced that plaintiff does not intend to secure a judgment against that defendant. *See* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3723 (1985); 29 T. Goger, ed., *Federal Procedure* § 69:22 (1984). In this case, local Law 75 provides a right of action for damages against the principal or grantor, that is, the one who executed a dealer's contract with the dealer. 10 L.P.R.A. §§ 278, 278a, 278b. Where no injunctive relief is sought but only liquidated damages, all defendants other than the grantor are improper parties to claims under Law 75. *Romero v. Ite Imperial Corporation,* 332 F.Supp. 523 (D.P.R.1971).

In its complaint and in the affidavit submitted with plaintiff's Motion to Remand, plaintiff Poultry & Beef alleges that defendant Prats is a former employee of the plaintiff who conspired with defendant Smithfield to deprive plaintiff of its exclusive distributorship with Smithfield by visiting plaintiff's clients in order to take purchase orders on Smithfield products subject to the Dealer's Contract between plaintiff and Smithfield. As plaintiff argues in its motion to remand, this type of action for tortious interference with a contractual relationship arises under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. *General Office Products Corp. v. A.M. Capen's Sons, Inc.,* 84 J.T.S. 63 (P.R.1984). However, plaintiff has not alleged this cause of action in its complaint and thus we are foreclosed from considering it as a separate claim now for purposes of analysis under 28 U.S.C. § 1441(c).

Upon the record before us, we find that defendant Gilberto Prats is not a real party in interest and that no possible claim for relief can be stated against him in this suit brought only under Law 75. Thus, his fraudulent joinder cannot defeat removal jurisdiction under 28 U.S.C. § 1441(b). Accordingly, pursuant to F.R.C.P. 21, we DISMISS Gilberto Prats as a defendant in this case and DENY plaintiff's Motion to Remand.

As it appears that the Order Providing Provisional Remedy was issued ex-parte by the Superior Court of Puerto Rico, Bayamón Section, on November 4, 1985 and that defendant has moved to vacate it, this Court hereby SETS a hearing on this matter and an Initial Scheduling Conference for April 15, 1986, at 2:30 p.m.

IT IS SO ORDERED. The Clerk shall act accordingly.