Alberto **BURGOS–OQUENDO** and
Maria **Torres–Rosario, Plaintiffs,**

v.

**CARIBBEAN GULF REFINING CORP.,
Defendant and Third–Party Plaintiff,**

v.

Nathan **RAMIREZ–DIAZ,
Third–Party Defendant.**

**No. Civ. 89–0012CCC.**

United States District Court,
D. Puerto Rico.

July 27, 1990.

Carmen S. Curet–Salim, José S. Brenes–La–Roche, Carlos Soler–Aquino, Hato Rey, Puerto Rico, for plaintiffs.

Alexis D. Mattei, Ledesma, Palou & Miranda, Hato Rey, Puerto Rico, for defendant and third-party plaintiff.

Ulpiano Falcón–Matos, Falcón & Fernandez, Hato Rey, Puerto Rico, for third-party defendant.

## OPINION AND ORDER

CEREZO, District Judge.

Plaintiffs brought the present action against defendant Caribbean Gulf Refining Corp. seeking damages for injuries suffered by Alberto Burgos–Oquendo which occurred at a service station that sells Gulf products. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332(a)(1) for diversity of citizenship. Defendant filed a third-party complaint against the dealer who operated the service station, Nathan Ramirez–Diaz.

Now pending before us is a motion for summary judgment filed by defendant Caribbean Gulf Refining Corp. (Gulf).

In determining whether summary judgment is appropriate, the Court must view the record in the light most favorable to the party opposing the motion, and indulge all inferences favorable to that party. *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404 (1st Cir.1985); *Raskiewicz v. Town of New Boston*, 754 F.2d 38 (1st Cir.), *cert. denied*, 474 U.S. 845, 106 S.Ct. 135, 88 L.Ed.2d 111 (1985). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted only "if the pleadings, depositions, answers or interrogatories, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *General Office Products v. A.M. Capen's Sons, Inc.*, 780 F.2d 1077 (1st Cir.1986).

Applying this standard and upon close examination of the record, we find the following facts are uncontested:

1. On November 21, 1984, Gulf and third-party defendant Nathan Ramirez–Diaz executed several contracts.

2. Among the contracts executed, were a "Trial Franchise" Agreement[1] by virtue of which Gulf leased to Ramirez a parcel of land and a gasoline service station in the municipality of Carolina, Puerto Rico; and two contracts by virtue of which Ramirez agreed to purchase from Gulf gasoline, other fuels and lubricants for resale in the service station.

3. Wilfredo Isaac Borgos was an employee of Ramirez in the service station, where he worked as an attendant, pumping gasoline.

4. Burgos–Oquendo was never an employee, agent, or representative of Gulf. There never was any relationship, contractual or of any other nature, between Gulf and said person.

5. Paragraph A–8 of the Trial Franchise Agreement between Gulf and Ramirez provided that Ramirez would be responsible for all damages caused to a third party or said party's property as a result of his acts, actions or omissions or those of his representatives and employees, and Ramirez would indemnify Gulf for all amounts payable by Ramirez and whose payment Gulf might have to do as a result of a court order.

In their complaint, plaintiffs alleged that they suffered damages when Burgos–Oquendo was wounded several times at the Ramirez Service Station. This allegedly occurred when an unknown assailant held up the service station at which time defendant's employee, Borgos, grabbed Burgos–Oquendo and used him as a shield against the bullets fired by the assailant.

Plaintiffs alleged that Gulf was responsible for the damages because the aforementioned Wildredo Isaac Borgos was Gulf's employee, because Gulf was the owner of the parcel of land and buildings comprising the service station and received economic benefits from the leasing of the station and selling of Gulf trademark products to Ramirez.

█ Arguendo, that the incident took place as alleged by plaintiffs, this Court must hold that Gulf is not liable to plaintiffs for the alleged damages. The pleadings, interrogatories, and answers clearly show that Borgos never was an employee of Gulf but an employee of Ramirez. This fact is uncontroverted.

The relationship between Gulf and Ramirez could be characterized as that of a landlord and tenant based on the Trial Franchise Agreement subscribed among the parties, or that of a wholesale and retailer of Gulf trademark products, based on the agreements for the purchase-sale of gasoline, diesel fuel, oils and lubricants by Ramirez from Gulf. Gulf was also a franchisor and Ramirez a franchisee, under the Petroleum Marketing Practices Act,[2] *supra.*

█ The established legal principle is that a person, who by an act or omission causes damage to another through fault or negligence, must repair the damage done. Puerto Rico Civil Code (1930) Article 1802, 31 L.P.R.A. § 5141.

As a general rule, a person is only liable for his own acts or omissions and only by exception is a person liable for the acts or omissions of others. Only when clearly specified in the law can liability for the acts or omissions of others be enforced against a third party. *Vélez v. Llavina,* 18 P.R.R.

---

1. A "Trial Franchise" is allowed under Pub.L. 95–297, June 19, 1978, Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq.* Said term is defined in the Act as any franchise entered into on or after June 19, 1978 the initial term of which is for a period of not more than one year. Petroleum Marketing Practices Act Section 2803(b)(1)(A) and (C), 15 U.S.C. § 2803(b)(1)(A) and (C).

2. The terms franchisor and franchisee are defined in Sections 2801(3) and (4), respectively. A franchisor means a refiner or distributor who authorizes or permits, under a franchise, a retailer or distributor to use a trademark in connection with the sale, consignment, or distribution of motor fuel. The term franchisee means a retailer or distributor who is authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment, or distribution of motor fuel.

634 (1912). The cases in which vicarious responsibility is applicable are enumerated in the aforementioned Article 1803 of the Puerto Rico Civil Code. Said enumeration has been held to be taxative and not of an exemplary nature. *Torres Pérez v. Medina Torres*, 113 D.P.R. 72 (1982). The exceptions to the established general rule, as enumerated in Article 1803, are the liability of the father or mother for the damage caused by minor children; of guardians for the damage caused by the persons under their authority who live with them; of employers for the damage caused by an employee acting in the course of his employment; of masters or directors of arts and trades for the damage caused by their pupils or apprentices, and of the government of the Commonwealth of Puerto Rico under certain pre-established circumstances. Thus the owners or directors of an establishment or enterprise are liable for damages caused by their employees in the course of their employment or on account of their duties. Puerto Rico Civil Code (1930) Art. 1803, 31 L.P.R.A. § 5142.

█ As we have stated before, it is uncontroverted that Wilfredo Isaac Borgos was not an employee of Gulf but, rather, an employee of Ramírez, and Gulf cannot be held responsible for his actions even assuming, *arguendo*, that he was acting within the scope of his employment.[3] The relationship between Gulf and Ramírez does not fall within any one of the exceptions to the general rule which the Puerto Rico Civil Code has precisely established.

█ Plaintiffs argue that Gulf is liable to them on account of its ownership of the service station and/or the parcel of land upon which the station is built. However, they fail to state any specific legal theory on which such argument rests. Article 1444 of the Puerto Rico Civil Code (1930), 31 L.P.R.A. § 4051, defines the responsibilities of a lessor toward a lessee. Such responsibilities are to deliver the thing which is the object of the contract, to make in the property all repairs which may be necessary to preserve the same in good condition to serve for the purpose for which it was leased, to maintain the lessee in the peaceful enjoyment of the property and to sign and deliver receipts for payments. As we noted before, there is no provision establishing responsibility in the lessor for the lessee's actions in the absence of proof that the lessor was at fault or negligent. In this case, plaintiffs do not allege that Gulf was directly liable but was merely vicariously liable as an employer and landlord.

█ Additionally, plaintiffs argue that Gulf should be liable because it received economic benefit from the service station. However, the general rule is that economic benefit, by itself, does not warrant a finding of responsibility. *Vélez Colón v. Iglesia Católica*, 105 D.P.R. 123, 128 (1976). Economic benefit as a source of civil responsibility is expressly recognized in the Puerto Rico Civil Code in the case of owners of goods or enterprises that receive the benefit of the work of a third party in benefit of the owner's goods or enterprises. Puerto Rico Civil Code (1930), Art. 1793, 31 L.P.R.A. 5106. In this case, however, Ramírez is not an agent or representative of Gulf working for the latter's benefit, but an independent contractor primarily doing business for his own benefit. Vicarious responsibility is generally dependent on a principal agent relationship. *Martinez v. Comunidad M. Fajardo*, 90 D.P.R. 461 (1964), Prosser, *Law of Torts*, p. 458 (4th ed. 1971).

In conclusion, Gulf was not the employer of Borgos who allegedly caused damage to plaintiffs, so it cannot be vicariously responsible for his acts. Nor can we hold Gulf liable as lessor for the lessee Ramírez' or his employees' actions in the absence of Gulf's direct responsibility, or that of *its* employees or agents. The economic benefit received by Gulf from the service sta-

---

**3.** An employer is responsible for the actions of his employees only when said employees' actions are within the scope of his employment or in the protection of the employer's best interests. *See Maysonet v. Sucesión Arcelay,* 70 D.P.R. 167 (1949); *Burgos v. Villamil,* 41 D.P.R. 84 (1930); *Martínez v. Comunidad M. de Fajardo,* 90 D.P.R. 461 (1964); *Marrero v. López,* 15 D.P.R. 766 (1909).

**334**

tion is the benefit that every distributor or wholesaler receives from the sale of its product to the retailers. Imposing such responsibility would be to go beyond the normal, accepted and legally established responsibilities of a person for its own acts or for the acts of its agents, employees or representatives.

WHEREFORE, it appearing that defendant Gulf has positively established that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, said defendant's motion for summary judgment is GRANTED. Judgment shall be entered.

SO ORDERED.