**The AETNA CASUALTY AND SURETY COMPANY, Plaintiff,**

v.

**Timothy H. GAILEY, Commissioner of Insurance of the Commonwealth of Massachusetts, and Commonwealth Automobile Reinsurers, Defendants.**

**Civ. A. No. 90–11081–MC.**

United States District Court,
D. Massachusetts.

Dec. 28, 1990.

James K. Brown, Stephen B. Deutsch, Foley, Hoag & Eliot, Boston, Mass., for Aetna Cas. & Sur. Co.

Thomas A. Barnico, Richard M. Brunell, Mass. Dept. of Attys. Gen., Boston, Mass., for Timothy H. Gailey.

Robert William Mahoney, Mark G. Matuschak, Hale & Dorr, Boston, Mass., for Commonwealth Auto. Reinsurers.

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT

McNAUGHT, District Judge.

This matter comes before the Court on defendants' motions to dismiss plaintiff's Complaint. As grounds for the motions, defendants state that the Complaint is not ripe and the Court should abstain from exercising jurisdiction at this time.

The Aetna Casualty and Surety Company has determined to withdraw from the Massachusetts private passenger motor vehicle insurance market. Pursuant to 42 U.S.C. § 1983, defendant Aetna is challenging the two principal exit barriers: Massachusetts General Laws, Chapter 175, Section 22H and defendant Commonwealth Automobile Reinsurers ("CAR") Rule 11 B.3. Plaintiff attacks each of these provisions on its face, and it does so exclusively on federal constitutional grounds.

In accordance with CAR Rule 11 B.3, if plaintiff withdraws from the private passenger motor vehicle insurance market, but wishes to retain its licenses in the Commonwealth's other insurance markets, plaintiff must make payments for a period of eight years to the residual automobile insurance market. The residual market is administered by defendant Commonwealth Automobile Reinsurers, an unincorporated association established pursuant to Massachusetts General Laws, Chapter 175, § 22H. All Massachusetts insurance companies is-

suing motor vehicle insurance policies are required to belong to this association.

The residual market provides a mechanism for insuring risks no insurance company wishes to assume voluntarily. After deciding that a particular driver constitutes a bad risk, an insurer can decline to provide coverage voluntarily and cede the risk to CAR. As the premium income CAR generates each year is insufficient to cover the claims made against that year's policies, CAR's Rules provide that the net losses on these ceded risks are assessed against all the insurance companies writing private motor vehicle policies, according to a formula set forth in Rule 11. The assessment is based on the insurer's share of the market for the year.

Pursuant to Rule 11 B.3, an insurer who withdraws from the private passenger motor vehicle market must continue to pay its current proportionate share of CAR's residual market assessments for the eight years after its withdrawal, or forfeit its licenses to write all other unrelated lines of insurance within Massachusetts. Plaintiff estimates that they would be required to pay in excess of $150,000,000 over the eight-year withdrawal period.

Under Massachusetts General Laws, Chapter 175, § 22H, the Commissioner of Insurance has the authority to require a withdrawing insurer, as a condition of retaining its other licenses, to remain in the private passenger motor vehicle market if the withdrawal would disrupt that particular segment of the insurance market. The Commissioner may initiate the action against the insurer notwithstanding the insurer's full compliance with all required withdrawal procedures.

■ Defendants' request that this Court dismiss plaintiff's Complaint for want of ripeness is denied. Plaintiff's claim sufficiently establishes a concrete case or controversy to defeat defendants' ripeness challenge. The disputed matters are purely legal, the statute, as well as the regulation in question, is final and substantial hardship will result if the court declines to decide the case. *Abbott Laboratories v.*

*Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

The issues presented by plaintiff's facial challenge to CAR's Rules of Operation, Rule 11 B.3, and Massachusetts General Laws, Chapter 175, § 22H, turn on constitutional law. Thus, the questions presented are purely legal and do not necessitate a complex factual analysis. Plaintiff maintains that the requirement under Rule 11 mandating that the insurer pay assessments after the insurer withdraws, as a condition to retaining its right to conduct business in other Massachusetts insurance markets, as a matter of law, violates the insurer's constitutional rights. Similarly, with respect to M.G.L., c. 175, § 22H, plaintiff argues that the Commonwealth's attempts to "piggy-back" the insurer's right to conduct business in other insurance markets within Massachusetts, to withdrawal from the private passenger motor vehicle market is beyond the state's power as a matter of law.

The standard for determining whether a regulation or statute is final is well defined. *Abbott Laboratories, supra,* 387 U.S. at 151, 87 S.Ct. at 1516. Once its finality is determined, judicial review is appropriate, without the need to await a government enforcement action. Rule 11 has been fully promulgated as a result of elaborate formal proceedings, including hearings and a written order by the Commissioner of Insurance. It is not necessary for plaintiff to exhaust state judicial or administrative remedies prior to proceeding under a Section 1983 claim. *Patsy v. Florida Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Since Rule 11 is fully effective and in force as a matter of state law, it is now ripe for a challenge in this court.

Plaintiff claims that Massachusetts General Laws, Chapter 175, Section 22H, is unconstitutional on its face, and therefore, cannot be applied constitutionally. Defendants incorrectly maintain that Section 22H is not final until the Commissioner does in fact make a determination to revoke any of plaintiff's licenses pursuant to the statute. Plaintiff is not required to wait until the ax

falls to seek protective relief. The Commissioner's specific threat to enforce Section 22H against plaintiff is sufficient to permit this litigation. *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983).

The risk of substantial hardship is undeniable under the given circumstances. If this litigation is dismissed, plaintiff will be required to proceed with the withdrawal process in order to test the constitutionality of Rule 11 B.3 and Section 22H. Plaintiff risks in excess of $150,000,000 in payments and the right to conduct business in other insurance markets within the Commonwealth. The potential for long-term damage exists in the form of loss of goodwill and customer confidence.

Dismissal of this action is not appropriate under the doctrine of abstention. Only in exceptional circumstances is the court justified in abdicating its duty to adjudicate a controversy properly brought by the parties. *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1062–63, 3 L.Ed.2d 1163 (1959). The controversy presently before this Court does not involve such circumstances.

 Defendant's argument that abstention is required under the Supreme Court's decision in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), is without merit. Plaintiff is not requesting this court to review state agency decisions concerning fact-specific regulatory matters. Quite the opposite, plaintiff requests that the entire state system for governing an insurer's withdrawal from the motor vehicle insurance market be declared unconstitutional. Thus, avoiding the situation in *Burford*, where the decision resulted in the federal courts interfering on an ongoing basis with the detailed administration of a valid state regulatory system. Application of the *Burford* doctrine is inappropriate where, as here, the issue before the court is the validity of the entire state regulatory system, rather than the propriety of a single administrative decision. *Bath Memorial Hospital v. Maine Health*

*Care Finance Commission*, 853 F.2d 1007, 1014 (1st Cir.1988).

 Defendants' reliance on the *Colorado River* decision, requiring federal courts to abstain in the face of "concurrent" state litigation, is also misplaced. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Although a substantial amount of state litigation involving various aspects of automobile insurance is pending, neither the parties nor the issues are identical to the case at bar. The specific issues raised in plaintiff's action will not be resolved in the pending state proceedings. Federal and state actions are not deemed "concurrent" for purposes of abstention simply because there is some similarity of parties or overlap of subject matter. *Alliance of American Insurers v. Cuomo*, 854 F.2d 591 (2d Cir.1988).

 To prevail under the abstention doctrine of *Railroad Commission v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), defendants' must demonstrate that the state law issue is uncertain, unclear or "obviously susceptible of a limiting construction". *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). Defendants' have completely failed to meet the *Pullman* standard necessary to invoke abstention with respect to CAR Rule 11 B.3 and Massachusetts General Laws, Chapter 175, § 22H.

Accordingly, for the reasons previously discussed, this Court denies defendants' motions to dismiss plaintiff's complaint.