Charles J. COUGHLIN, James Lydon, Robert Matthew, Thomas Murphy, Richard Provencher, Thomas Secky, and Jack Keough, Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY and Insurance Commissioner for the Commonwealth of Massachusetts, Defendants.

Civ. A. No. 91–11127–C.

United States District Court, D. Massachusetts.

Oct. 29, 1991.

David L. Chamberlain, Dracut, Mass., for plaintiffs.

Robert William Mahoney, Paul M. McDermott, Hale & Dorr, Thomas A. Barnico, Attorney General's Office, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiffs are former independent insurance agents who served a complaint on defendant Nationwide Mutual Insurance Company ("Nationwide") in March, 1991. The plaintiffs' claim involves the percentage rate of commission that Nationwide paid to them for selling Nationwide motor vehicle insurance policies during the years 1982 through 1989. The plaintiffs argue that, under Massachusetts statutory law, the commission rate should have been equal to the rate set annually by the Massachusetts Commissioner of Insurance ("Commissioner"). Instead, the plaintiffs allege, Nationwide paid them a commission rate arrived at contractually. Plaintiffs' complaint demands that Nationwide pay them the rate of commission established by the Commissioner for the years in question.

In April, 1991, Nationwide removed the case to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446.[1] Now before the Court is the plaintiffs' motion to remand the case back to Suffolk Superior Court. In support of their motion to remand, the plaintiffs assert that the joinder of the Commissioner defeats subject matter juris-

---

1. After Nationwide effected the removal of the case, the plaintiffs filed amended complaints in state court. They have not formally filed those amended complaints with this Court. The amended complaints filed in state court subsequent to the removal of the case seek an order by the court to compel the Commissioner to order Nationwide to pay the plaintiffs the amount requested. Alternatively, these amended complaints seek an order compelling the Commissioner to determine the proper rates for the years in question. In addition, the amended complaints filed in state court add the year 1981 to the period of years in question.

diction on the basis of diversity of citizenship. Alternatively, the plaintiffs request that the Court abstain from exercising jurisdiction over the instant case because of litigation going on concurrently in state court covering issues similar to the issues involved in this case.[2] For the reasons stated below, the plaintiffs' motion to remand is denied, and the Court will continue to exercise jurisdiction over the matter.

The Court now will discuss the legal principles controlling the motion to remand.

██ The plaintiffs assert that the instant case was removed improperly to federal court, because, they argue, the joinder of the Commissioner defeats diversity of citizenship. If indeed there is not complete diversity, the case must be remanded. *See* 28 U.S.C. § 1447(c). Actions can be removed from state to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). It is well-established, however, that the "fraudulent joinder"[3] of a resident defendant does not prevent removal. *See Wilson v. Republic Iron & Steel*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983); *Poultry & Beef of Puerto Rico, Inc. v. Smithfield Packing Co.*, 635 F.Supp. 1070, 1071 (D.Puerto Rico 1986); 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723 (2d ed. 1985). To establish its right to removal, the party seeking removal bears the burden of showing that the resident defendant was joined fraudulently. *Pullman Com-*

*pany v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *Puerto Rico v. Euro Pacific Bank Ltd.*, 661 F.Supp. 1082, 1083 (D. Puerto Rico 1987).

██ · In determining whether the plaintiffs fraudulently joined the resident defendant, the Court must examine the complaint as it existed when the petition for removal was filed. *Ching v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir.1990). Once removal is effected, the state court's jurisdiction over the case ceases. *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 841 (1st Cir.1988). Thus, amended complaints filed in state court have no effect in cases previously removed to federal court. *Fox Valley AMC/Jeep, Inc. v. AM Credit Corp.*, 836 F.2d 366, 367 (7th Cir.1988); *Crummie v. Dayton–Hudson Corp.*, 611 F.Supp. 692, 693 (E.D.Mich.1985). Therefore, in the instant case, the Court will examine the complaint that was in effect at the time Nationwide removed the case, and the Court will ignore the amended complaints filed by the plaintiffs in state court after the removal.

██ Fraudulent joinder exists when the complaint in effect at the time of removal states no claim against the non-diverse defendant. *Anderson v. Home Insurance Co.*, 724 F.2d 82, 84 (8th Cir.1983); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir.1964); *Poultry & Beef of Puerto Rico*, 635 F.Supp. at 1071. In the instant case, the complaint in effect at the time of removal mentions that the Commissioner has a statutory responsibility for determining the percentage commission that insurance companies must pay their

---

**2.** This case is similar to two consolidated cases involving Nationwide that have been ongoing in Massachusetts courts. *Nationwide Mutual Ins. Co. v. Commissioner of Ins.*, 397 Mass. 416, 491 N.E.2d 1061 (1986); *Barnicoat v. Commissioner of Ins.*, No. 87642 (Mass.Superior Ct., Suffolk County). The main issue in the instant case, as well as in the Massachusetts cases, is whether Nationwide was obligated to pay its agents the commission rate established by the Commissioner. Unlike the instant case, however, the Massachusetts cases only involve a single year, 1981. Moreover, it appears that the state litigation nearly has run its full course with only one issue outstanding—the final determination of what the commission rate prescribed by the

Commissioner should have been for the year 1981. *See Barnicoat v. Commissioner of Ins.*, No. 87642 (Mass.Superior Ct., Suffolk County, Aug. 8, 1991). Furthermore, in the instant case, there is no dispute as to whether the rates set by the Commissioner for the years 1982 through 1989 are proper.

**3.** "Fraudulent joinder" is a term of art used to describe not only the deceptive practice of joining a resident defendant solely to defeat diversity, but also any improper joinder. *E.g., Rose v. Giamatti*, 721 F.Supp. 906, 914 (S.D.Ohio 1989). In the instant case, there is no allegation that the plaintiffs acted to mislead or deceive.

agents. The complaint, however, does not allege that the Commissioner failed to meet any of her legal obligations. The complaint only demands relief from Nationwide. It demands no relief from and states no claim against the Commissioner. Therefore, the plaintiff joined the Commissioner fraudulently, and the joinder of the Commissioner did not preclude removal.[4] Thus, the Court will not grant the plaintiffs' motion to remand the case back to state court.

As an alternative argument, the plaintiffs suggest that the Court should abstain from exercising jurisdiction at this time. Without identifying the legal precedents that might support their position, the plaintiffs assert that, because there is an unsettled question of Massachusetts law currently pending in state court in a case related to this one, the Court, at minimum, should not exercise jurisdiction until the state court resolves the issue. Apparently, the unsettled question to which the plaintiffs refer concerns the final determination of the statutory commission percentage for a particular year, 1981. *See Barnicoat v. Commissioner of Insurance*, No. 87642 (Mass.Superior Ct., Suffolk County, Aug. 8, 1991). The principal issue in the instant case, however, is not *what* the rate should be for a *particular year*, but *whether* the statutory rate applies to the plaintiffs *over a period* of years.

The plaintiffs' argument appears to be based on the theory of abstention established by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). There, the Court noted that "[generally] ... the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court.'" *Id.* at 817, 96 S.Ct. at 1246 (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910)). The Court also noted the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them". *Id.* The Court held, however, that, under ex-

ceptional circumstances, abstention by federal courts may be proper to promote judicial economy and to avoid duplicating concurrent litigation going on in state court. *Id.* at 818–19, 96 S.Ct. at 1246–47.

In applying the principle of abstention established in *Colorado River*, the fact that there may be "some similarity of parties or overlap of subject matter" does not justify abstention. *See Aetna Casualty and Sur. Co. v. Gailey*, 753 F.Supp. 46, 49 (D.Mass.1990) (citing *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591 (2d Cir. 1988)). There is little reason for the Court to abstain where the specific issues involved in the federal case would not be resolved in the pending state case. *See id.* Therefore, because the pending state litigation will not address the principal issues involved in the instant case, and in view of the Court's duty to exercise jurisdiction over matters properly before it, the Court will not abstain from exercising jurisdiction over the instant case.

For all of the reasons stated above, the plaintiffs' motion to remand the case back to Massachusetts Superior Court is denied, and the Court will continue to exercise jurisdiction over this matter.

Order accordingly,

---

**4.** Ordinarily, all defendants must join in the removal petition in order to effect removal on the basis of diversity. 14A C. Wright A. Miller & E. Cooper, Federal Practice and Procedure § 3723 (2d ed. 1985). Parties fraudulently joined, however, need not join in the removal petition, and are to be disregarded in determining whether there is complete diversity. *Polyplastics*, 713 F.2d at 877.