Zaida Pastrana MONTAÑEZ, et al.,

v.

SOLSTAR CORPORATION d/b/a Travel Network, et al.,

No. Civ. 98–1182 DRD.

United States District Court, D. Puerto Rico.

March 31, 1999.

Miguel A. Cintron–Quiros, Rio Piedras, PR, for plaintiff.

Jorge Velaquez, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

On November 2, 1998, plaintiffs in the above captioned case filed a Motion to Remand this action to the Puerto Rico Superior Court, San Juan. (Docket No. 5). The case was removed to this court by co-Defendant American Airlines (American). (Docket No. 1). Plaintiffs maintain that the inclusion of Solstar Corporation D/B/A Travel Network (Solstar) as a co-defendant destroys the complete diversity of citizenship required for diversity jurisdiction. Therefore, this court lacks subject matter jurisdiction to entertain the case. American filed an opposition to plaintiffs' motion on December 3, 1999 (Docket No. 7), and a motion supplementing its opposition on December 23, 1999. (Docket No. 8). After consideration of the parties' submissions, plaintiffs motion to remand is Denied.

## I. FACTUAL BACKGROUND

On December 12, 1996, plaintiffs were ticketed passengers of American's flight 1456 from O'Hare International Airport in Chicago, Illinois to San Juan, Puerto Rico. While arranging the luggage in the overhead compartments, a flight attendant

made physical contact with plaintiff Pastrana. Pastrana's companion, plaintiff Gonzalez intervened, and according to the facts alleged in the complaint, the incident soon escalated far beyond words. The altercation was finally brought to an end when the airplane Captain summoned airport security to escort plaintiffs out of the aircraft. Plaintiffs were subsequently accommodated in a flight arrangement which transported them from Chicago to San Juan, via Miami, Florida. On December 12, 1997 plaintiffs filed a complaint against American in the Puerto Rico Superior Court of San Juan. The complaint also included claims against Solstar, the travel agency from which plaintiffs purchased the Chicago–San Juan tickets, for alleged damages arising out of the above described incident.

## II. FRAUDULENT JOINDER

■ "Except as otherwise expressly provided by Act of Congress, any civil actions brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the district court has original jurisdiction in cases involving citizens of different states where the matter in controversy exceeds the sum of $ 75,000. *See* 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In such cases where diversity jurisdiction exists, actions are removable to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b); *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921) ("A civil case, at law or in equity, presenting a

controversy between citizens of different states and involving the requisite jurisdictional amount, is one which may be removed from a state court into the District Court of the United States by the defendant, if not a resident of the state in which the case is brought.").

■ However, "it is well settled that the district court will not allow removal jurisdiction to be defeated by the plaintiff's destruction of complete diversity of citizenship by the collusive or improper joinder of parties or the assignment of claims." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3723, p. 625 (3d ed.1998). The "fraudulent joinder" of a resident defendant is one such instance of improper joinder that will not prevent removal. *See eg., Wilson*, 257 U.S. at 97, 42 S.Ct. 35 ("this right of removal cannot be defeated by a fraudulent joinder."); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983) ("A party fraudulently joined to defeat removal ... is disregarded in determining diversity of citizenship."); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996) ("An action may nevertheless be removable if the joinder of non-diverse parties is fraudulent."). Fraudulent joinder "is a term of art used to describe not only the deceptive practice of joining a resident defendant solely to defeat diversity, but also any improper joinder." *Coughlin v. Nationwide Mutual Insurance Co.*, 776 F.Supp. 626, 628, n. 3. (D.Mass.1991) (citations omitted). It exists when a plaintiff joins a resident defendant "having no real connection with the controversy." *Wilson*, 257 U.S. at 97, 42 S.Ct. 35 (citing *Wecker v. National Enameling and Stamping Co.*, 204 U.S. 176, 185, 186, 27 S.Ct. 184, 51 L.Ed. 430 (1907)); *Coughlin*, 776 F.Supp. at 628 ("Fraudulent joinder exists when the complaint in effect at the time of removal states no claim against the non-diverse defendant."). In determining whether a resident defendant was fraudulently joined, the court must examine the complaint as it existed at the

time the petition for removal was filed. *Ching v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir.1990).

## III. DISCUSSION

■ In the instant case, plaintiffs allege that Solstar is a proper party to the litigation, thereby defeating the court's capacity to hear the case under diversity jurisdiction. First, plaintiffs maintain that they "brought suit against [Solstar] because it is being alleged that 'they brought their plane tickets through such co-defendant." (Docket No. 5, p. 2). As such, they assert that there "is a clear contractual relationship" which originated in Puerto Rico giving plaintiffs a cause of action "contractual in nature." (Docket No. 5, pp. 2–3). Plaintiffs also claim that Solstar answered the complaint in the Commonwealth court action. Thus, they assert, under 28 U.S.C. § 1447 "if a state has original jurisdiction over the complaint, a motion to remand must be granted." (Docket No. 5, p. 3). Plaintiffs' claims are meritless.

Because plaintiffs simply do not establish any cause of action against co-defendant Solstar under the facts alleged, the court finds that the resident defendant in the case at bar was fraudulently joined. First, plaintiffs argue that said party "are strictly *ex contractu*, rather than *ex delicto*." (Docket No. 5, p. 3). The contractual relationship between plaintiffs and Solstar, however, does not give rise to a cause of action against said co-defendant for the alleged injury resulting from the altercation in Illinois. Plaintiffs seem to imply that because Solstar sold them airplane tickets for the American Airlines flight, the altercation between plaintiffs and American's personnel constitutes a breach of Solstar's contract. Plaintiffs, however, point to no clause of their contract with Solstar which is claimed to have been breached. In fact, said contract is mentioned in the pleadings only in passing, if at all.

In addition, when making their claim, plaintiffs rely on a plethora of Puerto Rico contract law provisions. (Docket No. 5, p. 3) These provisions, however, merely state a party's right under a contract. They in no way illustrate how Solstar is in breach of its contract with plaintiffs.

■ In addition, liability, if any, also cannot be imputed to Solstar under the guise of vicarious liability. The Puerto Rico Civil Code sets forth the instances where an individual can be vicariously liable for the actions of another. *See* P.R.Civ.Code Art. 1803; P.R.Laws Ann. tit. 31 § 5142. This list is "taxative." *Burgos–Oquendo v. Caribbean Gulf Refining Corp.*, 741 F.Supp. 330, 332 (D.Puerto Rico 1990) ("The cases in which vicarious responsibility is applicable are enumerated in the aforementioned Article 1803 of the Puerto Rico Civil Code. Said enumeration has been held to be taxative and not of an exemplary nature."); *See also Torres Perez Y Santa v. Lopez*, 113 D.P.R. 72, 76, 1982 WL 210592 (1982) ("the cases of vicarious liability, that is, the liability of those who may be held liable for another's fault or negligence, are expressly enumerated ... The doctrine unanimously deems that said enumeration is limitative and is not a mere collection of examples."). Thus, "[o]nly when clearly specified in the law can liability for the acts or omissions of others be enforced against a third party." *Burgos–Oquendo*, 741 F.Supp. at 332 (citing *Velez v. Llavina*, 18 P.R.R. 333, 634, 1912 WL 5030 (1912)). A travel agency's relationship with and airline, or even independent contractors, is not within the scope of Article 1803.[1] The vicarious lia-

---

1. The specific instances when vicarious liability may be imposed "as enumerated in Article 1803, are the liability of the father or mother for the damage caused by minor children; of guardians for the damage caused by the persons under their authority who live with them; of employers for the damage caused by an employee acting in the course of his employment; of masters or directors of arts and trades for the damage caused by their pupils or apprentices, and of the government of the Commonwealth of Puerto Rico under certain

bility imputed to employers for the act of their employees is not applicable in this instance for no tenable argument can be made that the travel agency in question here is an employee of American.

Moreover, the imposition of vicarious liability under Article 1803 is applicable to injury caused by fault or negligence under Article 1802.[2] By plaintiffs own admission, they seek damages against Solstar under contract and not tort law. Thus, vicarious liability under Article 1803 is, in any event, not available for plaintiffs to impose liability on Solstar. Finally, for the reasons set forth in American's Opposition to Plaintiffs' Motion to Remand (Docket No. 7), the court does not find that liability (under either contract or tort law) may be imputed to Solstar through an agency relationship for the acts of American, its employees and agents in Illinois.

To put it simply, plaintiffs purchased airplane tickets from a travel agency, Solstar. This entity has no fiduciary, agency or employment relationship with American. It has no control over American's employment, training or customer service policies. If anything, it acted as an agent for plaintiffs, and not of American, to secure air travel for plaintiffs. Plaintiffs, however, seek to impute the injury caused by American's allegedly tortuous conduct in Illinois to a travel agency in Puerto Rico. They attempt to do this not through a theory under tort law since, as discussed above, no such theory is available, but through its contract to purchase two airplane tickets from Solstar. Nevertheless, here no warranties, express or implied, are alleged to have been made by Solstar regarding the flight which could be claimed

to have been breached by the incident in Illinois. In light of the foregoing, the court finds that the joinder of Solstar is fraudulent as "no real connection with the controversy" can be ascertained. *Wilson,* 257 U.S. at 97, 42 S.Ct. 35.

Plaintiff also alleges that because Solstar answered the complaint in the Commonwealth court, under § 1447 the "motion to remand must be granted." (Docket No. 5, p. 3). Nothing in § 1447 indicates support for plaintiffs' proposition. Nor do plaintiffs tender any case law in furtherance of said argument. A state court defendant, however, "may lose or waive the right to remove to federal court by taking some substantial offensive or defensive action in the state court action indication a willingness to litigate in that tribunal before filing a notice of removal with the federal court." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3721, p. 363 (3d ed.1998). Some courts have held that "[a] waiver may occur in numerous ways such as a failure to make timely application, answering in the State Court, or any other fashion indicating submission to jurisdiction." *Lavan Petroleum Co. v. Underwriters at Lloyds,* 334 F.Supp. 1069, 1073 (S.D.N.Y.1971) (quoting *General Phoenix Corp. v. Malyon,* 88 F.Supp. 502, 503 (S.D.N.Y.1949)); *Davila v. Hilton Hotels Int'l,* 97 F.Supp. 32, 35 (D.Puerto Rico 1951). Nevertheless, in this case the court finds that Solstar's answer of the complaint in the Commonwealth court does not destroy American's right to removal.[3] Even if, *arguendo,* Solstar's answer of the complaint constituted a waiver of the right to removal, such a waiver by a fraudulent-

---

pre-established circumstances." *Burgos–Oquendo,* 741 F.Supp. at 332.

**2.** P.R.Laws Ann. tit. 31 § 5142, states in pertinent part: "[t]he obligation imposed by section 5141 of this title is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible to."

P.R.Laws Ann. tit. 31 § 5141, states in pertinent part: "[a] person who by an actor

omission causes damage to another through fault or negligence shall be obliged to repair the damages so done."

**3.** The court does not decide whether an answer to a state court complaint is the kind of action which would constitute a waiver of the right to removal as it is not indispensable for the disposition of this case.

ly joined defendant (as Solstar is in this case) cannot prevent removal. *See. eg.,* *Wilson,* 257 U.S. at 97, 42 S.Ct. 35; *Poly-plastics, Inc.,* 713 F.2d at 877; *Tapscott,* 77 F.3d at 1359 (11th Cir.1996).

WHEREFORE, having determined that co-defendant Solstar is a fraudulently joined defendant, the court finds that removal jurisdiction is not defeated in this case.[4] Accordingly, plaintiffs' Motion to Remand is hereby **DENIED.**

IT IS SO ORDERED.

---

4. As noted above, the term "fraudulent joinder" is used to describe any improper joinder, and not just those that are actually fraudulent or deceptive, *see Coughlin,* 776 F.Supp. at 628, n. 3. A review of the complaint and other documents submitted by plaintiffs, however, clearly demonstrates that the joinder of Solstar in the present action is but a thinly veiled attempt to avoid federal jurisdiction and deny defendant its right of removal under § 1441. Plaintiffs' claims and legal arguments in favor of remand pushed to its limits the meaning of Federal Rule of Civil Procedure 11(b)(2) requiring that representations to the court be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Only the court's grace saves plaintiffs and plaintiffs' counsel from the full force of Rule 11. Plaintiffs' counsel is hereby forewarned that in the future such frivolous, unsupported claims and propositions of law will find little tolerance by this court.