ELLEN McDONNELL, administratrix, vs. BERKSHIRE STREET
RAILWAY COMPANY.

Berkshire.    September 19, 1922. — November 27, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence*, Employer's liability, Causing death, Effect of workmen's compensation act. *Workmen's Compensation Act.*

It is only rights at common law of an employee, his personal representative, next of kin or dependents against his employer which, upon the employer becoming a subscriber under the provisions of the workmen's compensation act, can be retained by a notice given under G. L. c. 152, § 24.

An employer who is insured under the provisions of the workmen's compensation act is relieved by G. L. c. 152, § 68, of liability under G. L. c. 229, § 7, for the negligent causing of the death of an employee irrespective of whether the notice by the employee to the employer, described in G. L. c. 152, § 24, was given and whether the death of the employee occurred within thirty days after the employer gave his employees the notice of the insurance required by the act.

TORT, under G. L. c. 229, § 7, for negligently causing the death of John J. McDonnell, the plaintiff's intestate, while in the defendant's employ. Writ dated March 12, 1921.

In the Superior Court, the action was tried before *Burns*, J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, on motion of the defendant, a verdict was ordered for the defendant; and the plaintiff alleged exceptions.

*H. C. Joyner*, for the plaintiff.

*F. M. Myers & F. H. Cande*, for the defendant, submitted a brief.

RUGG, C.J. This is an action of tort brought under G. L. c. 229, § 7, to recover damages for the death of the husband of the plaintiff, who after conscious suffering died on August 18, 1920, from injuries received on that day while working as motorman for the defendant. The defendant was insured under the workmen's compensation act, now embodied in G. L. c. 152, by policy dated and issued on August 16, 1920, and had given the notice thereof to its employees as required by the act. The deceased had been in the employ of the defendant for about twenty-two years and had not given the defendant notice that he should claim his rights at common law.

The remedies provided by the workmen's compensation act are exclusive of all other relief in cases within its provisions. *White* v. *E. T. Slattery Co.* 236 Mass. 28. *Zygmuntowicz* v. *American Steel & Wire Co. of New Jersey,* 240 Mass. 421. The purpose of the act is to substitute for common law and other statutory remedies previously existing a kind of accident insurance in all instances to which it is applicable. The act provides in §§ 21 and 22 for notice to be given by the employer to his employee under all the circumstances likely to arise, but by the latter section, "In case of the renewal of the policy no notice shall be required." The record does not show whether the policy here in force was renewal insurance, but it is assumed in favor of the plaintiff that it was an original insurance. By § 24 of the act an employee of an insured employer shall be held to have waived his common law rights unless a notice claiming such rights shall be given at the time of employment or within thirty days after notice of insurance by his employer. That section, however, has no relation to the present action, which is not at common law but is created exclusively by statute. It is only rights at common law which can be retained by the employee by giving notice to that end, and not rights established under the employers' liability act or other modifications of the common law. There is no right at common law to recover damages for the death of a human being. Such actions are exclusively the creature of statute. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, and cases collected at page 376. *Sherlag* v. *Kelley,* 200 Mass. 232, and decisions cited at page 234.

The employer who is insured under the workmen's compensation act is relieved of all statutory liability, including that for death of an employee under the employers' liability act. G. L. c. 153. The provisions as to notice by the employee in G. L. c. 152, § 24, are wholly irrelevant in this connection. It is provided by G. L. c. 152, § 68, being a re-enactment of the substance of the original act, St. 1911, c. 751, Part I, § 4, that "Chapter one hundred and fifty-three and sections four and seven to ten, inclusive, of chapter two hundred and twenty-nine shall not apply to employees of an insured person." The word "person" in this section includes a corporation such as the defendant. G. L. c. 4, § 7, cl. 23. The plaintiff's action avowedly is founded on G. L. c. 229, § 7. It follows that by the express terms of the statute

the section upon which the plaintiff grounds her action does not apply to the defendant because it was insured under the workmen's compensation act.

The case of *King* v. *Viscoloid,* 219 Mass. 420, has no pertinency to the facts here disclosed. See, in this connection, *Young* v. *Duncan,* 218 Mass. 346; *Gilbert* v. *Wire Goods Co.* 233 Mass. 570.

While the terms of our statute are not precisely those of other States, the conclusion here reached is in harmony with other well considered decisions. *Gregutis* v. *Waclark Wire Works,* 86 N. J. L. 610. *Shanahan* v. *Monarch Engineering Co.* 219 N. Y. 469.

This result was expressly designed by the framers of the act and was adopted by the General Court in enacting it as drafted. Report of Commission on Compensation for Industrial Accidents, 1912, page 47.

*Exceptions overruled.*