PEERLESS INSURANCE COMPANY *vs.* HARTFORD
INSURANCE COMPANY.

No. 92-P-519.

Middlesex. April 21, 1993. - May 25, 1993.

Present: BROWN, KASS, & LAURENCE, JJ.

*Practice, Civil*, Report. *Insurance*, Insurer's obligation to defend.

A report under Mass.R.Civ.P. 64 that did not contain either an agreement of the parties as to "all the material facts" for decision or a finding or order by the judge so affecting the merits of the case as to require adjudication by an appellate court before further proceedings was to be discharged as improvidently made. [534-535]

CIVIL ACTION commenced in the Superior Court Department on August 17, 1987.

A question of law was reported by *Edward M. Ginsburg*, J., sitting under statutory authority.

*Robert H. Flynn* (*Andrew J. Fay* with him) for the plaintiff.

*Joseph J. Walsh* (*Myles W. McDonough* with him) for the defendant.

KASS, J. As presented in a report under Mass.R.Civ.P. 64, 365 Mass. 831 (1974), the question of law to be decided in this dispute about coverage between two insurance companies is whether, on the facts presented, the workers' compensation insurer (Hartford) was absolved of defense and compensation responsibility by reason of the language contained in exclusion (f) of the workers' compensation and employer's liability insurance policy. We are at a loss to understand why exclusion (f), the text of which we set forth in the margin,[1] is

---

[1] "This policy shall not apply: . . . (f) under coverage B, to any obligation for which the insured or any carrier as his insurer may be held liable under the workmen's compensation or occupational disease law of a state

dispositive or even pertinent to resolution of the case, and the perplexed state in which the presentation of the case leaves us illustrates the unwisdom of premature reports of disembodied questions of law. The record does not contain either of the two categories of prerequisites for a report under rule 64: 1) an agreement of the parties as to "all the material facts" for decision of their dispute[2]; or 2) a finding or order by the judge thought by him so to affect the merits of the controversy that there is no point in proceeding in the trial court until the validity of the finding or order is passed upon. See *Heck* v. *Commonwealth*, 397 Mass. 336, 338-339 (1986); *Shabshelowitz* v. *Fall River Gas Co.*, 412 Mass. 259, 260-262 (1992); *Cusic* v. *Commonwealth*, 412 Mass. 291, 293-294 (1992); *Globe Newspaper Co.* v. *Massachusetts Bay Transp. Authy. Retirement Bd.*, 412 Mass. 770, 772-773 (1992); *Transamerica Ins. Group* v. *Turner Constr. Co.*, 33 Mass. App. Ct. 446, 447-448 n. 2 (1992). The report should be discharged as improvidently made.

As the case has once proceeded on an apparently mistaken track, we state, for such assistance as they may afford on remand, our views on the basis of the record as it has thus far been developed.

John Doyon fell to his death on September 26, 1982, when moveable staging from which he and another man had been washing windows broke loose. The administrator of his estate brought a wrongful death action against Steven F. Lewis, whose company, Eastern Waterproofing Co., was doing a waterproofing job on a building at 12 Kilsyth Terrace in Boston, and against the owners of that building. Lewis carried workers' compensation insurance and employer's liability insurance with the Hartford Insurance Company ("Hartford") and general liability insurance with Peerless Insurance Com-

---

designated in Item 3 of the declarations, any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law."

[2]The judge, in his report, states that the report contains "all the material facts necessary for the construction of the defendant's policy exclusion," but that statement unwarrantably presupposes construction of the policy exclusion holds the key to deciding the case.

pany. In his complaint, the administrator assiduously avoided mentioning that Doyon was an employee of Lewis, i.e., the complaint alleged simply that the defendant Lewis and the defendant Terrace Properties, Inc., had each negligently maintained equipment or property in an unsafe condition, thus contributing to Doyon's fatal accident while he was lawfully on the premises. Presumably the administrator of Doyon's estate eschewed workers' compensation remedies because in the case of a death of a worker with only partial dependents the amount recoverable would have been limited to $17,000. See G. L. c. 152, § 31, as appearing in St. 1974, c. 438, § 1.[3]

Under *Sterilite Corp.* v. *Continental Cas. Co.*, 17 Mass. App. Ct. 316, 318 (1983), an insurer has a duty to defend if the allegations of the complaint, reasonably read, appear to state a claim covered by the terms of the insurance policy. Read literally, the Doyon estate's complaint did not implicate coverage A, workers' compensation, or coverage B,[4] employer liability, of the Hartford policy, but surely a wholly literal reading of the complaint was not reasonable. An insurer reading the complaint was at least bound to inquire why Doyon was on "counterweight staging" erected by a building cleaning business if he was not an employee of that business. Indeed, Hartford did inquire and its own memoranda state that Doyon had on the fatal day been hired to wash windows and that he appeared to have been an employee at the time of the accident.

When the facts surrounding an accident tend to the conclusion that the injured party was an employee hurt in the course of employment, it is impermissibly arch for a workers' compensation insurer, such as the Hartford in this case, to shut out reality of which it has become aware and to read abstractly the language of the complaint as a basis for not

---

[3]A similar limitation does not now appear in § 31, which was rewritten in 1982. See St. 1982, c. 663, § 1.

[4]Coverage B provides insurance for the claims of employees who are not workers' compensation claimants, such as an employee who has claimed common law rights conformably with G. L. c. 152, § 24. See generally Couch, Cyclopedia of Insurance Law § 44:43 (2d ed. 1982).

defending the action. Had Hartford assumed the defense, Doyon's status as an employee, which the parties to this secondary action now acknowledge, would have provided a basis for dismissal of the negligence action and the administrator's consequent remission to workers' compensation remedies (Doyon having failed to elect common law remedies in the manner permitted by G. L. c. 152, § 24). Had further development of the facts of the accident demonstrated that Doyon was not an employee of Lewis when he was killed, Hartford would not have been without remedies in disengaging from the litigation. See *Sterilite Corp.* v. *Continental Cas. Co.*, 17 Mass. App. Ct. at 323-324.

The report is discharged. The case is remanded to the Superior Court for further proceedings on the indemnity claim by Peerless Insurance Company (which defended the action brought by the Doyon estate and made a payment in settlement of that action).

*So ordered.*