HDH Corporation *vs.* Atlantic Charter Insurance Co.
& another.[1]

No. 95-P-1896.

Suffolk. June 18, 1996. - August 15, 1996.

Present: Dreben, Gillerman, & Laurence, JJ.

Further appellate review granted, 423 Mass. 1111 (1996).

*Insurance,* Insurer's obligation to defend. *Workers' Compensation Act,* Emotional distress, Exclusivity provision, Employer's misconduct.

A defendant insurer's motion for summary judgment on its insured's claim under a workers' compensation policy was incorrectly allowed, where, on the record presented, it appeared that the insurer had a duty to defend the insured on an ex-employee's claim seeking damages for emotional distress resulting from wrongful termination, the insured had paid the ex-employee an amount awarded in binding arbitration of the claim, and the insurer might thus be liable to the insured under the policy and pursuant to G. L. c. 152, § 25. [132-136]

Civil action commenced in the Superior Court Department on April 6, 1994.

The case was heard by *Margaret R. Hinkle,* J., on a motion for summary judgment.

*Henry F. Furman* for the plaintiff.

*Alvin S. Nathanson* for the defendants.

Dreben, J. A former employee of the plaintiff HDH Corporation, claiming emotional distress caused by sexual discrimination and wrongful termination, brought an action against HDH seeking damages in the Superior Court. The husband of the employee claimed loss of consortium in the same action. HDH promptly notified its workers' compensation and employers' liability insurer, the defendant Atlantic Charter Insurance Co. (Atlantic), and requested it to defend the action. At first, the insurer acknowledged that the workers' compensation policy covered the lawsuit, but then

[1]Nathan Sallop Insurance Agency.

indicated that it did not. After HDH assumed the defense of the action, the matter went to binding arbitration; the arbitrator found that the employee had been wrongfully terminated. HDH paid the amounts awarded — $120,000 to the employee and $25,000 to her husband for loss of consortium — and then brought this action against the defendants to recover the amounts paid, legal fees, and G. L. c. 93A damages.

The defendants moved for summary judgment claiming that there was no coverage under either part one, the workers' compensation portion of the policy or part two, the employers' liability portion. They argued that coverage under part one applied only to benefits payable under the workers' compensation statute and not to common law damages outside the act. Moreover, since the employee had not given the statutory notice of her intent to claim her right of action at common law,[2] HDH acted at its own peril by choosing to defend such claims on the merits without asserting the absolute defense of exclusivity. Its failure to assert the defense constituted a waiver barring it from seeking indemnification or reimbursement. As to the employers' liability portion of the policy, there was no coverage because of an explicit exclusion of "damages arising out of the discharge of, coercion of, or discrimination against any employee in violation of law."

A judge of the Superior Court, noting that the plaintiff had conceded that the exclusivity provisions of the workers' compensation statute applied, allowed the defendants' motions for summary judgment stating: "Since the ex-employee had no common law cause of action, the plaintiff should have invoked the absolute defense of exclusivity in the action brought by the ex-employee."

While we agree that the employee's remedy for emotional

---

[2]General Laws c. 152, § 24, in relevant part provides: "An employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . . If an employee has not given notice to his employer that he preserves his right of action at common law as provided by this section, the employee's spouse, children, parents . . . shall also be held to have waived any right created . . . at common law . . . against such employer, including, but not limited to claims for damages due to emotional distress, loss of consortium . . . when such loss is a result of any injury to the employee that is compensable under this chapter."

injury as a result of the plaintiff's bad faith termination of her employment as well as her husband's claim for loss of consortium was barred by the exclusivity provision of the workers' compensation act, see note 2, *supra*; *Simmons v. Merchants Mut. Ins. Co.*, 394 Mass. 1007, 1008 (1985), summary judgment for the insurer should not have entered on this record.

The relevant portions of the workers' compensation part of the policy provide:

"B. We will Pay

"We will pay promptly when due the benefits required of you by the workers.compensation law.

"C. We will Defend

"We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

"We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. . . .

"H. Statutory provisions . . .

"6. Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law."

Under *Sterilite Corp.* v. *Continental Cas. Co.*, 17 Mass. App. Ct. 316, 318 (1983), an insurer has a duty to defend if the allegations of the complaint, reasonably read, appear to state a claim covered by the terms of the insurance policy. Here, the complaint in the underlying action alleges two bases for the employee's claims: discrimination and wrongful termination. Neither is covered by part two because of the policy's exclusion. We need not consider the coverage under part one of the discrimination claim, see *Green* v. *Wyman-Gordon Co.*, 422 Mass. 551, 557-562 (1996), compare *College-Town* v. *Massachusetts Commn. Against Discrimination*, 400 Mass. 156, 169 (1987), because, in any event, the claim for

emotional injury resulting from her wrongful termination, as we have indicated, is one exclusively within the act. *Simmons* v. *Merchants Mut. Ins. Co.*, 394 Mass. at 1008.

The defendant insurer would have the policy provide the duty to defend only against claimants seeking benefits required under the workers' compensation statute by and through the Industrial Accident Board. In other words, the employee's choice of the wrong forum, in its view, relieved the insurer of any duty to defend.

The insurer's position does not accord with the act or Massachusetts case law. Section 25 of c. 152, set forth in the margin,[3] places a duty on the insurer, if certain conditions are met, to reimburse the employer for amounts the employer is required by *a judgment of a court* to pay to an employee as damages on account of personal injury. A rider to the policy specifically recognizes the section's applicability by the following language: "Our liability to you under Section 25 of Chapter 152 of the General Laws of Massachusetts is not subject to the limit of liability that applies to Part Two (Employers Liability Insurance)."

Although discussed by the plaintiff, both before the motion judge and in its brief on appeal, neither the judge nor the defendant insurer makes mention of that provision. For all that appears, the plaintiff may have met the conditions of the provision, and the insurer may be liable directly under § 25.

Our case law also does not limit the workers' compensation insurer's duty to defend as Atlantic would suggest. In *Peerless Ins. Co.* v. *Hartford Ins. Co.*, 34 Mass. App. Ct. 534, 536 (1993), the underlying claim was a wrongful death action against the employer, but the complaint "assiduously avoided" mentioning that the decedent was an employee of the defendant, and alleged simply that the defendant had

---

[3]General Laws c. 152, § 25, provides: "If an insured person who has complied with the rules, regulations and demands of the insurer is required by a judgment of a court to pay to an employee any damages on account of personal injury sustained by such employee during the period covered by insurance, the insurer shall pay to the insured the full amount of such judgment and the cost assessed therewith if the insured shall have given the insurer written notice of the bringing of the action in which the judgment was recovered and an opportunity to appear and defend the same."

negligently maintained equipment thereby contributing to the decedent's fatal accident. We recognized that, read literally, the complaint did not implicate workers' compensation or employer liability coverage under the policy issued by Hartford, yet we pointed out, "surely a wholly literal reading of the complaint was not reasonable." *Ibid.* Hartford was at least bound to inquire whether the decedent was an employee, as it, in fact, did. When it appeared that he was an employee hurt in the course of his employment, "it [was] impermissibly arch for a workers' compensation insurer, such as the Hartford in this case, to shut out reality of which it ha[d] become aware and to read abstractly the language of the complaint as a basis for not defending the action."[4] *Id.* at 536-537. The *Peerless* case makes clear, albeit in dicta, that Atlantic had a duty to defend against the employee's action.[5]

Moreover, the broad language of the policy, "any claim, proceeding or suit," does not limit the duty to defend to claims brought before the Department of Industrial Accidents. See *Hazen Paper Co.* v. *United States Fid. & Guar. Co.*, 407 Mass. 689, 693 (1990), where the insurer's duty to defend "any suit" was construed to include a duty to defend against an EPA letter, even though "[l]iterally, there is no suit." See also *Community Unit Sch. Dist.* v. *Country Mut. Ins.*, 95 Ill. App. 3d 272 (1981) ("civil suit" covered proceeding before EEOC and not limited to actions in common law court).

The reliance by the insurer on the California case of *La Jolla Beach and Tennis Club, Inc.* v. *Industrial Indem. Co.*, 9

---

[4]We also pointed out: "Had Hartford assumed the defense, [the decedent's] status as an employee, which the parties to this secondary action now acknowledge, would have provided a basis for dismissal of the negligence action and the administrator's consequent remission to workers' compensation remedies (the decedent having failed to elect common law remedies in the manner permitted by c. 152, § 24)." *Id.* at 537.

[5]In the present case, the action of Atlantic appears troublesome rather than "arch." Although the record does not contain the correspondence of the insurer, the denial of a defense was presumably based on the fact that the action was framed in common law terms and brought in the Superior Court rather than under the compensation act. Surely, the insurer knew of the exclusivity provisions, yet it appears that it did not inform HDH thereof (if HDH had been informed, it is inconceivable that it would have failed to plead the defense). By such silence Atlantic might avoid, as indeed was the case, having the employee subsequently seek from it her workers' compensation remedies.

Cal. 4th 27 (1995), is misplaced. Not only did that court rely on statutory definitions which contrasted damages with compensation, but also the California act contains no provision comparable to section 25. In any event, to the extent that the *La Jolla* case is not in accord with the views here expressed, we do not follow it.

In sum, we think summary judgment was improperly allowed as to the defendant Atlantic. The action was, however, properly dismissed as to the defendant Nathan Sallop Insurance Agency. The plaintiff's amended complaint merely alleged, without elaboration, that the defendant Nathan Sallop Insurance Agency, Inc., is an entity doing business as an insurance company. There is nothing in the policy or in any of the documents in the record which would negate the inference from the signature on the policy that the defendant Nathan Sallop Insurance Agency was an insurance agency and not an insurer. Accordingly, in the absence of any other allegations, let alone evidence, there was no error in dismissing the action against the defendant Nathan Sallop Insurance Agency.

The judgment in favor of Atlantic is reversed and the case is remanded to the Superior Court for further proceedings against that defendant.[6] The judgment in favor of Nathan Sallop Insurance Agency is affirmed.

*So ordered.*

---

[6]Since the motion for summary judgment dealt only with Atlantic's duty to defend under the language of the policy and the plaintiff's alleged waiver of such duty, we do not reach any other issues which may be involved in this case.