HDH CORPORATION *vs.* ATLANTIC CHARTER INSURANCE
COMPANY.

Suffolk. March 5, 1997. - July 14, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & MARSHALL, JJ.

*Workers' Compensation Act,* Exclusivity provision. *Insurance,* Insurer's obligation to defend. *Public Policy.*

A workers' compensation insurer had no duty to defend an employer in a civil action, seeking damages for emotional distress, lost wages, and lost benefits caused by gender discrimination and wrongful termination, brought by a former employee who had not preserved her right of action at common law pursuant to G. L. c. 152, § 24, for injuries compensable under the workers' compensation statute and who did not initiate a claim for such benefits as mandated by G. L. c. 152, § 10, where the complaint did not state a claim that could result in liability which the insurer would be obligated to pay under any reasonable interpretation of the applicable standard form policy. [436-440]

CIVIL ACTION commenced in the Superior Court Department on April 6, 1994.

The case was heard by *Margaret R. Hinkle,* J., on a motion for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Harold Hestnes* (*Mary Jo Johnson* with him) for the insurer.

*Henry F. Furman* (*J. Albert Johnson* with him) for the employer.

The following submitted briefs for amici curiae:

*James J. Moran, Paul W. Goodrich & Joyce E. Davis* for Independent Property-Casualty Insurers of Massachusetts, Inc., & others.

*John P. Ryan & Myles W. McDonough* for Hartford Insurance Company.

*Paul E.B. Glad & Rhonda V. Magee,* of California, *Craig A. Berrington & Bruce C. Wood,* of the District of Columbia, & Suzanne M. Bump, for American Insurance Association & others.

*Cynthia L. Amara & Stephen S. Ostrach* for New England Legal Foundation.

ABRAMS, J. The primary question presented is whether a workers' compensation insurer has a duty to defend an insured employer in a civil action brought by an employee who has not preserved her right of action at common law. See G. L. c. 152, § 24.[1] A former employee of the plaintiff, HDH Corporation (HDH), brought an action against HDH in the Superior Court, seeking damages for emotional distress, lost wages, and lost benefits caused by gender discrimination and wrongful termination. The employee's husband claimed loss of consortium and loss of support in the same action.

HDH notified its workers' compensation and employers' liability insurer, the defendant, Atlantic Charter Insurance Company (Atlantic), and requested that Atlantic defend the civil action. Atlantic refused to defend and denied coverage.[2] HDH assumed the defense of the action and eventually agreed to submit to binding arbitration. The arbitrator found that the former employee was wrongfully terminated and awarded $120,000 to her and $25,000 to her husband. HDH paid the award and brought this action against Atlantic, seeking to recover the amounts paid on the award, its legal fees, and G. L. c. 93A damages.

Atlantic moved for summary judgment, claiming that there was no coverage for liability arising from the employee's civil action under either Part One, the workers' compensation portion of the insurance policy, or Part Two, the employers' liability portion. Atlantic argued that Part One only covered claims for benefits payable under the Workers' Compensation Act, G. L. c. 152, and not civil actions for common law damages. Atlantic further claimed that, because the employee had not given statutory notice

---

[1]General Laws c. 152, § 24, provides: "An employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . . If an employee has not given notice to his employer that he preserves his right of action at common law as provided by this section, the employee's spouse, children, parents . . . shall also be held to have waived any right created . . . at common law . . . against such employer, including, but not limited to claims for damages due to emotional distress, loss of consortium . . . when such loss is a result of any injury to the employee that is compensable under this chapter."

[2]The contract of insurance was a standard form contract generally used by all workers' compensation insurers.

of her intent to claim her right of action at common law, HDH had acted at its own peril by choosing to defend the civil suit on its merits rather than asserting the absolute defense of exclusivity of the workers' compensation statute. See note 1, *supra*. Atlantic argued that, by failing to assert the exclusivity defense and to file a notice of claim for workers' compensation benefits with the Department of Industrial Accidents (department), see G. L. c. 152, § 6, HDH had waived any right to coverage under Part One of the insurance policy. Regarding Part Two, the employers' liability portion, the insurance policy expressly excluded coverage of "damages arising out of the discharge of, coercion of, or discrimination against any employee in violation of law." A Superior Court judge allowed Atlantic's motion for summary judgment. The judge ruled that HDH was not entitled to recover from Atlantic because HDH should have invoked the absolute defense of exclusivity to bar the former employee's civil action.[3] HDH appealed to the Appeals Court, which correctly concluded that there was no coverage under Part Two, the employers' liability portion, because of the policy's express exclusion of damages arising out of the discharge or discrimination of an employee. *HDH Corp.* v. *Atlantic Charter Ins. Co.*, 41 Mass App. Ct. 131 (1996). See, e.g., *Lusalon, Inc.* v. *Hartford Accident & Indem. Co.*, 400 Mass. 767, 773 (1987) (no duty to defend where coverage precluded by specific policy exclusion).

However, the Appeals Court determined that the insurer may have had a duty to defend HDH in the civil action because the allegations of the employee's complaint, reasonably read, stated a claim covered under the terms of Part One, the workers' compensation portion of the policy.[4] The court rejected Atlantic's

---

[3]The judge was not provided with the employee's complaint and relied on the parties' representations as to the nature of the employee's claims. The judge noted that the basis for her decision was that HDH conceded that the exclusivity provisions of the workers' compensation statute applied to all of the employee's claims.

[4]The Appeals Court said that the former employee's discrimination claim may not be covered by Part One of the policy. See *HDH Corp.* v. *Atlantic Charter Ins. Co.*, 41 Mass. App. Ct. 131, 133-134 (1996), quoting *College-Town, Div. of Interco, Inc.* v. *Massachusetts Comm'n Against Discrimination*, 400 Mass. 156, 169 (1987) ("we do not agree that damages in this case resulting from the violation of G. L. c. 151B, § 4, are compensable exclusively under the Workmen's [*sic*] Compensation Act"). The Appeals Court concluded that Atlantic's duty to defend arose out of the employee's claim for emotional injury resulting from her wrongful termination. See *id.* at 134, citing *Simmons* v.

argument that Part One of the policy provided a duty to defend only against claims for benefits brought before the department. The court reasoned that, because G. L. c. 152, § 25, in certain circumstances, requires workers' compensation insurers to reimburse employers for damages awarded to employees "by a judgment of a court," Atlantic's duty to defend under Part One of the policy was not limited to claims for workers' compensation benefits.[5] Accordingly, the Appeals Court reversed and remanded for further proceedings against Atlantic. We granted Atlantic's application for further appellate review. We affirm the granting of summary judgment in favor of Atlantic.[6]

The well-settled rule is that an insurer has a duty to defend if the allegations of the complaint are reasonably susceptible of an interpretation that they state a claim covered by the terms of the insurance policy. *Liberty Mut. Ins. Co.* v. *SCA Servs., Inc.,* 412 Mass. 330, 331-332 (1992), and cases cited.

The terms of Part One of the policy clearly limit defense and indemnity of the employer to claims for benefits required by the workers' compensation statute.[7] However, the employee brought

---

*Merchants Mut. Ins. Co.,* 394 Mass. 1007, 1008 (1985) (rescript opinion by divided court). But see *Flesner* v. *Technical Communications Corp.,* 410 Mass. 805, 814 n.9 (1991). On the view we take, we need not discuss the nature of the employee's claims nor address the extent to which the underlying civil action might be barred by the invocation of G. L. c. 152, § 24.

[5]General Laws c. 152, § 25, provides: "If an insured person who has complied with the rules, regulations and demands of the insurer is required by a judgment of a court to pay to an employee any damages on account of personal injury sustained by such employee during the period covered by insurance, the insurer shall pay to the insured the full amount of such judgment and the cost assessed therewith if the insured shall have given the insurer written notice of the bringing of the action in which the judgment was recovered and an opportunity to appear and defend the same."

[6]We acknowledge the amicus briefs of the Independent Property-Casualty Insurers of Massachusetts, Inc., Alliance of American Insurers, and National Association of Independent Insurers; American Insurance Association, Industrial Indemnity Insurance Company, Travelers Indemnity Company, and Aetna Casualty and Surety Company; the New England Legal Foundation; and Hartford Insurance Company, on behalf of Atlantic.

[7]The workers' compensation portion of the policy at issue provides in relevant part:

"B. We Will Pay

"We will pay promptly when due the *benefits* required of you by the *workers compensation law.*

a civil action seeking monetary damages, and made no claim for workers' compensation benefits. Indeed, no matter what the allegations of the complaint, as a matter of law, workers' compensation benefits cannot be recovered by instituting a civil action.[8] A claim for benefits must be brought before the department and adjudicated through the statutorily prescribed workers' compensation system. See *Neff* v. *Commissioner of the Dep't of Indus. Accs.*, 421 Mass. 70, 74 (1995) (describing procedural course for the adjudication of workers' compensation dispute through the Department of Industrial Accidents). See also *Alecks's Case*, 301 Mass. 403, 404 (1938) (under the workers' compensation statute, an employee "acquires a right to compensation for personal injury as provided in that act, to be enforced by claim against the insurer filed with the Industrial Accident Board . . . . [T]he policy of the act is to deprive [the employee] of all right of action in tort against his employer for damages for an injury within the scope of the [workers'] compensation act").

The record demonstrates that a claim for benefits was never initiated by the employee, as mandated by G. L. c. 152, § 10. Accordingly, Atlantic is correct that it had no duty to defend the civil action because the complaint did not state a claim that could result in liability which Atlantic would be obligated to pay under any reasonable interpretation of Part One of the policy. See, e.g., *Jimmy's Diner, Inc.* v. *Liquor Liab. Joint Underwriting Ass'n of Mass.*, 410 Mass. 61, 65 (1991).

The distinction is not merely a procedural matter of bringing an action in the wrong forum. As amici point out, there are fundamental differences between a claim for workers' compen-

---

"C.  We Will Defend

"We have the right and duty to defend at our expense any claim, proceeding or suit against you for *benefits payable by this insurance.* We have the right to investigate and settle these claims, proceedings or suits.

"We have no duty to defend a claim, proceeding or suit that is not covered by *this insurance.*" (Emphases added.)

[8]The workers' compensation statute does grant a Superior Court judge jurisdiction to enforce orders of the Department of Industrial Accidents, and provides for appellate review by the Appeals Court, but only after a claim for benefits has been adjudicated through the statutorily prescribed workers' compensation system. G. L. c. 152, § 12. See *Neff* v. *Commissioner of the Dep't of Indus. Accs.*, 421 Mass. 70, 74 (1995). Those circumstances are not presented here.

sation benefits and a lawsuit seeking civil damages. The Legislature intended that the workers' compensation system supplant the common law tort system as a means for compensating injured employees. See *Alecks's Case*, 301 Mass. 403, 404 (1938). Accordingly, the purposes, remedies available, evidentiary burdens, and standards of proof employed in adjudicating within the two distinct systems are different by legislative design. See *Opinion of the Justices*, 209 Mass. 607, 609 (1911) (proposed Workers' Compensation Act represented "a radical departure in the manner of dealing with actions or claims for damages for personal injuries received by employees in the course of their employment from that which has heretofore prevailed in this Commonwealth").

Our conclusion also is bolstered by courts in other jurisdictions which have, in similar circumstances, interpreted virtually identical language in workers' compensation and employers' liability insurance policies as providing no duty to defend in civil litigation. See *La Jolla Beach & Tennis Club, Inc.* v. *Industrial Indem. Co.*, 9 Cal. 4th 27, 46 (1994)[9] ("the civil and workers' compensation systems are distinct, and therefore a workers' compensation insurer which promises to pay claims for benefits does not have a duty to defend civil actions seeking damages"); *Bond Bldrs., Inc.* v. *Commercial Union Ins. Co.*, 670 A.2d 1388, 1390 (Me. 1996) (insurance policy "[o]n its face" imposes no duty to defend against an employee's tort claim action which is barred by the exclusivity and immunity provisions of the workers' compensation act); *Hames Contr., Inc.* v. *Georgia Ins. Co.*, 211 Ga. App. 852, 854 (1994) (insurance policy provides coverage only for claims for benefits due under the workers' compensation act and imposes no duty to defend against a civil suit for damages).

The Appeals Court also relied on G. L. c. 152, § 25, as buttressing its conclusion that Atlantic may have had a duty to defend the civil action. 41 Mass. App. Ct. 131, 134 (1996). See note 5, *supra*. However, when properly read in its statutory context and in accordance with the legislative intent of the

[9]The Appeals Court distinguished *La Jolla Beach & Tennis Club, Inc.* v. *Industrial Indem. Co.*, 9 Cal. 4th 27, 43 (1994), as relying on definitions in California's workers' compensation statute contrasting "damages" with "compensation." 41 Mass. App. Ct. at 135-136. However, the distinction between similar terms is evident in the Commonwealth's statute as well. See, e.g., G. L. c. 152, § 15 (using the terms "benefits" and "damages" as mutually exclusive).

workers' compensation statute, § 25 places no such duty on Atlantic in these circumstances. See *Neff, supra* at 73, quoting *Vining Disposal Serv., Inc.* v. *Selectmen of Westford,* 416 Mass. 35, 38 (1993).

The language of G. L. c. 152, § 25, directing an insurer to reimburse an employer that has been "required by a judgment of a court to pay to an employee any damages on account of personal injury," must be read consistently with the immediately preceding exclusive remedy provision, § 24, to require payments solely for judgments arising from a civil action for personal injuries brought by an employee who has affirmatively rejected the workers' compensation system.[10] The statute requires that all other claims for workers' compensation benefits be adjudicated through the department, not the courts. The only court proceedings envisioned by the statute in which damages would be awarded for personal injuries is that action brought by the rare employee who rejects the workers' compensation system at the time of hire. That circumstance is not presented here.[11]

Any other reading of G. L. c. 152, § 25, would render the waiver provisions of G. L. c. 152, § 24, meaningless and would subvert the legislative intent of the statute. Cf. *Price* v. *Railway Express Agency, Inc.,* 322 Mass. 476, 480 (1948) (construing the phrase "every employer" in a provision of the workers' compensation statute so as not to subvert the intent of other sections expressly excepting certain employers from the ambit of the act). General Laws c. 152, § 25, does not create an independent civil remedy for injured employees.

Public policy also supports our decision. The fundamental purpose of the workers' compensation system is to make funds more readily available to injured employees. Accordingly, the

[10]The plaintiff quotes language from *Young* v. *Duncan,* 218 Mass. 346, 350 (1914), as supporting the proposition that nothing in the workers' compensation statute indicates that §§ 24 and 25 were intended to be interdependent. However, the relationship between §§ 24 and 25 was not at issue in *Young.*

[11]Part Two, the employers' liability portion of the insurance policy, is intended to provide coverage in the rare circumstance in which an employee who has affirmatively opted out brings a tort action for personal injuries. Because G. L. c. 152, § 25, requires insurers to indemnify employers for the full amount of damages awarded to such employees, an endorsement to the insurance policy provides: "Our liability to you under [§] 25 of [c.] 152 . . . is not subject to the limit of liability that applies to Part Two (Employers Liability Insurance)." By its terms, the endorsement has no import in determining the scope of the duty to defend or indemnify under Part One, the workers' compensation portion of the policy.

Commonwealth requires all employers to provide workers' compensation benefits to their employees. See G. L. c. 152, § 25A. As amici point out, the cost of mandatory workers' compensation insurance is a significant aspect of the business climate of the Commonwealth. Recent legislative reforms have sought to lower the insurance rates employers must pay to provide the security of workers' compensation benefits to their employees. See St. 1991, c. 398. Requiring workers' compensation insurers to defend civil actions outside the workers' compensation system would represent an unwarranted expansion of coverage historically understood as provided under this mandatory form of insurance,[12] a result which would increase insurance costs for employers, and could gut the legislative scheme for workers' compensation. See, e.g., *La Jolla Beach & Tennis Club, Inc.*, *supra* at 44.

The decision of the Superior Court allowing summary judgment for Atlantic is affirmed.

*Judgment of the Superior Court
affirmed.*

---

[12]The common practice for employers seeking coverage for claims outside of the workers' compensation system is to purchase some form of general liability insurance to protect against such risks.