PEERLESS INSURANCE COMPANY *vs.* HARTFORD INSURANCE
COMPANY.

No. 98-P-49.

Middlesex. May 25, 1999. - February 10, 2000.

Present: ARMSTRONG, PERRETTA, & GELINAS, JJ.

*Contract,* Insurance. *Insurance,* Workers' compensation insurance, Insurer's
obligation to defend. *Workers' Compensation Act,* To whom act applies.
*Statute,* Construction. *Wrongful Death.*

A workers' compensation and employers' liability insurance policy covered
only liabilities an employer might incur on account of injuries to or deaths
of employees; consequently, a wrongful death action on behalf of the
parents of an employee killed in an industrial accident brought against an
employer that was insured under the workers' compensation law could not
result in any liability under that policy: therefore, the insurer had no
obligation to defend or indemnify in the wrongful death action. [553-555]

CIVIL ACTION commenced in the Superior Court Department on
August 17, 1987.

Following review by this court, 34 Mass. App. Ct. 534 (1993),
motions for summary judgment were heard by *Carol Stroud
Ball*, J.

*Andrew J. Fay* for the plaintiff.

*Myles W. McDonough* for the defendant.

ARMSTRONG, J. The present action arises out of a previous
wrongful death suit brought by the administrator of the estate of
John Doyon on behalf of Doyon's nondependent parents to
recover damages for loss of consortium against two parties,
only one of whom, Stephen F. Lewis, is material to this appeal.
Lewis was doing business as Eastern Waterproofing Company
(Eastern) and was waterproofing a building owned by the other
defendant in the prior action when Doyon fell to his death from
Eastern's scaffolding. The suit alleged negligent maintenance by
Eastern of its equipment.

The present action is between Eastern's two liability insurers as to which one had the duty to defend Eastern and to indemnify in the event of an adverse judgment. Hartford Insurance Company (Hartford), Eastern's workers' compensation and employers' liability insurer, declined to defend the claim, alleging that Doyon was not an employee of Eastern and that it would not be responsible for defending against the claim even if Doyon had been an employee. Peerless Insurance Company (Peerless), Eastern's general liability insurer, undertook defense of the claim and eventually settled it for $125,000.[1] Peerless brought the present action for indemnification, alleging that it was Hartford that had the duty to defend against the claim.

Peerless's action came to this court once before, on a report that we discharged as improvidently made, see *Peerless Ins. Co. v. Hartford Ins. Co.*, 34 Mass. App. Ct. 534, 537 (1993). In discharging the report we implied by way of dictum that as between the workers' compensation insurer and the general liability insurer, it was the former that had the broad, general duty of defending claims that arose from a worker's injury or death, regardless whether the claim was asserted before the Department of Industrial Accidents or a court, and that if the exclusivity of the administrative forum precluded the availability of an action in court, that was a matter that should be raised in the normal course of defending the claim in court, not as a reason for refusing to defend. *Id.* at 536-537. We followed our *Peerless* holding in a subsequent case, *HDH Corp. v. Atlantic Charter Ins. Co.*, 41 Mass. App. Ct. 131, 134-135 (1996). On further appellate review, however, that decision was reversed, see 425 Mass. 433 (1997). The latter decision, starting from the proposition that an insurer has a duty to defend only if the allegations. of the complainant are reasonably susceptible of an interpretation that they state a claim covered by the terms of the insurance policy, reasoned that the Atlantic Charter Insurance Company (Atlantic Charter) policy, a standard workers' compensation and employers' liability policy, under coverage A[2] insured only for claims brought under the workers' compensa-

---

[1] The record indicates that $125,000 was Peerless's share of a $350,000 settlement agreement with both defendants, the owner of the building undertaking to pay the difference.

[2] The *HDH* decision indicates that the Atlantic Charter policy referred to coverage A as Part One and coverage B as Part Two. The substance of the policies there and in this case appears to be the same.

tion act — i.e., claims for compensation brought before the department, not claims for damages brought in a civil action before a court (*id.* at 436-438) — and that coverage B, "the employers' liability portion of the insurance policy, is intended to provide coverage in the rare circumstance in which an employee who has affirmatively opted out [of the compensation scheme under G. L. c. 152, § 24,] brings a tort action for personal injuries." *Id.* at 439 n.11.

Following the Supreme Judicial Court's decision in the *HDH* case and in reliance thereon, a Superior Court judge allowed Hartford's motion for summary judgment in the still pending *Peerless* case, and Peerless claimed the appeal that is before us now.

Peerless concedes, as it must, that, under the *HDH* decision, Hartford had no potential liability under coverage A of its policy because the claim was not one for workers' compensation benefits. It argues, however, that Hartford had potential liability under coverage B, which by its terms covers the potential liability of an employer not only where the employee has affirmatively elected under G. L. c. 152, § 24, to forgo compensation benefits in favor of common law remedies but also in any other situation in which the employer may be sued for an injury or death arising from the injured person's or decedent's employment. Such situations, Peerless argues, include suits brought by anyone not subject to the tort bar of G. L. c. 152, § 68, for such employment-related injuries or death.

Peerless argues that this wrongful death action brought by Doyon's administrator on behalf of Doyon's parents is not subject to the tort bar. The argument has two parts. The first is that Doyon's accident occurred in 1982, during the period between the decision in *Ferriter* v. *Daniel O'Connell's Sons, Inc.*, 381 Mass. 507, 519-530 (1980), and the passage of St. 1985, c. 572, § 35, which rewrote G. L. c. 152, § 24. During that period, Peerless argues, an employee's waiver under G. L. c. 152, § 24, of his right to bring common law civil actions against his employer for on-the-job injuries did not extend to his family or dependents who might have common law claims for loss of consortium. (Peerless concedes that the wrongful death action would have been barred had the accident occurred after the effective date of the 1985 legislation.) The second part of Peerless's argument is that the § 68 tort bar did not apply to

Doyon's parents because Doyon's parents were not entitled to benefits under the workers' compensation law.[3]

The latter argument is based on a misreading of § 68. The words "who are entitled to the benefits provided by said sections" refer to the public employees ("laborers, workmen, or mechanics") of the Commonwealth or subdivisions of the Commonwealth which have accepted the public employee workers' compensation scheme set out in G. L. c. 152, §§ 69-75, inclusive. The words do not modify "employees of an insured person," a phrase which, because of a provision of G. L. c. 152, § 1(4) (last par., as appearing in St. 1945, c. 369), includes, "when the employee is dead, . . . his legal representatives, dependents and other persons to whom compensation may be payable."

The principal obstacle to Peerless's argument lies in the wrongful death statute itself, G. L. c. 229, § 2, which, as Peerless concedes, is the exclusive procedural remedy for recovery of wrongful death damages in a civil action.[4] Section 2 provides (as appearing in St. 1973, c. 699, § 1) that "the liability of an employer to a person in his employment shall not be governed by this section." In conjunction with G. L. c. 152, §§ 24 and 68, that section has been read consistently to preclude any civil action for wrongful death of an employee who is subject to the provisions of the workers' compensation laws. See *McDonnell* v. *Berkshire St. Ry. Co.*, 243 Mass. 94, 95 (1922) ("The employer who is insured under the workmen's compensation act is relieved of all statutory liability, including that for death of an employee under the employers' liability act"); *Cozzo* v. *Atlantic Refining Co.*, 299 Mass. 260, 262 (1938) ("Nor can an action at law be maintained against such employer [i.e., one who is insured under the workers' compensation law] to recover for the death of an employee resulting from such injury [i.e., one arising out of and in the course of his employment]," citing

---

[3]Section 68 (as appearing in St. 1949, c. 427, § 8) in its entirety reads: "Chapter one hundred and fifty-three and sections two B and six C to six F, inclusive, of chapter two hundred and twenty-nine shall not apply to employees of an insured person or a self-insurer, nor to laborers, workmen or mechanics employed by the commonwealth or any county, city, town or district subject to sections sixty-nine to seventy-five, inclusive, who are entitled to the benefits provided by said sections, while this chapter is applicable thereto."

[4]The application of G. L. c. 229, § 2B, the provision for punitive damages when death is caused by the employer's negligence, is expressly barred by G. L. c. 152, § 68.

G. L. c. 152, § 68); *Ferriter* v. *Daniel O'Connell's Sons, Inc.*, 381 Mass. at 528 ("We acknowledge that G. L. c. 152, §§ 1[4] and 68, bar a deceased employee's dependents from recovering under G. L. c. 229, §§ 2 and 2B, for loss of consortium, as against an employer covered by G. L. c. 152"); *Hallett* v. *Wrentham*, 398 Mass. 550, 555 (1986) ("Neither do[es] . . . *Ferriter* create an independent right of recovery for lost consortium when the victim suffers death rather than injury"); *Williams* v. *Westover Finishing Co.*, 24 Mass. App. Ct. 58, 60 n.3 (1987) ("The plaintiffs could and did recover for loss of the decedent's consortium and parental society prior to her death, under *Ferriter* . . . [b]ut they could not recover for loss of consortium and parental society after the decedent's death"). Our earlier decision in this case indicated the same. See 34 Mass. App. Ct. at 537.

The statutory scheme, read as a whole, precludes maintaining a wrongful death action against the employer for the death of an employee arising from his or her employment when the employer is insured under the workers' compensation act. Eastern was so insured. Consequently, if Doyon was Eastern's employee at the time of his death, Doyon's family could not maintain a wrongful death action against Eastern. The fact that the compensation law also deprived them of a remedy because they were not dependent on Doyon for their support does not change this result.

Because the Hartford policy only covered liabilities Eastern might incur on account of injuries to or deaths of employees, the complaint in the wrongful death action on behalf of Doyon's parents could not result in a liability for which coverage was provided under the Hartford policy. It follows that Hartford had no obligation to defend or indemnify.

*Judgment affirmed.*