Margaret L. CAREY, Administratrix of the Estate of Adam P. Carey, Plaintiff,

v.

BOARD OF GOVERNORS OF the KERNWOOD COUNTRY CLUB, Lawrence Slater, Richard Bane, Bruce S. Rafey, Frank Cole, James N. New, Brian Strasnick, Martin C. Goldman, Edward Rice, Estelle Whitman, J. Bruce Gordon, Irving Weisman, Michael Rubin, Howard Rosenkrantz, Gerald Gordon, Richard Rothbard, Jerold Garfield, Stephen Madow and Richard Tatelman, and Textron, Inc. (E–Z–GO Textron), Defendants.

No. CIV.A.03–12053–NMG.

United States District Court, D. Massachusetts.

Sept. 17, 2004.

& Bowen, LLP, John D. Boyle, Boyle Morrissey & Campo, Lisa V. Kouchakdjian, Boyle, Morrissey & Campo, P.C., Mark A. Darling, Cogavin and Waystack, Boston, MA, Gerald C. DeMaria, Higgins, Cavanagh & Cooney, John F. Kelleher, Higgins, Cavanagh & Cooney, Providence, RI, for Board of Governors of the Kernwood Country Club, Lawrence Slater, Richard Bane, Bruce S. Rafey, Frank Cole, James M. New, Brian Strasnick, Martin C. Goldman, Edward Rice, Estelle Whitman, J. Bruce Gordon, Irving Weisman, Michael Rubin, Howard Rosenkrantz, Gerard Gordon, Richard Rothbard, Jerold Garfield, Stephen Madow, Richard Tatelman, Textron, Inc., (E–Z–GO Textron), Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

Pursuant to a 14–count complaint filed in Essex Superior Court and removed to this Court in October, 2003, the Plaintiff Margaret L. Carey ("Carey"), on behalf of the estate of her son, Adam P. Carey (and his survivors), brings this wrongful death action against the individual members of the Board of Governors of the Kernwood Country Club ("the individual defendants") and E–Z–GO Company, a wholly-owned subsidiary of Textron, Inc. ("Textron") for negligence and breach of warranty. Carey seeks compensatory and punitive damages for wrongful death and loss of consortium.

George F. Leahy, Law Office of George F. Leahy, West Boxford, Jocelyn M. Sedney, Brody, Hardoon, Perkins & Kesten, Richard E. Brody, Brody, Hardoon, Perkins & Kesten LLP, Boston, MA, for Margaret L. Carey, Administratrix of the Estate of Adam P. Carey, Plaintiff.

Edward J. Denn, Gilbert & Renton, Robert J. Gilbert, Gilbert & Renton, Jeffrey B. Renton, Gilbert & Renton, Andover, Kevin M. Hensley, Warren, Hensley,

### I. *Factual Background*

Carey is a resident of Beverly, Massachusetts and is the appointed administratrix of the estate of Adam P. Carey. Kernwood Country Club ("Kernwood") is a Massachusetts Nonprofit Corporation/Organization located in Salem, Massachusetts. Textron Inc ("Textron") is a Delaware corporation with its principal place of business in Providence, Rhode Island. In 1961, Textron acquired E–Z–GO Company,

founded in 1954 in Augusta, Georgia and the world's largest manufacturer of golf carts and utility vehicles. The individual defendants are, collectively, the 18 members of Kernwood's governing body, known as its Board of Governors. At least 12 of those individuals are Massachusetts residents.

Carey's son, Adam, was born on March 2, 1984 and was a seasonal employee at Kernwood from August 14, 2000 until his death on September 16, 2000. On that date, Adam was driving an E–Z–GO golf cart manufactured by Textron when he struck a section of a deck that was attached to a building built over a pathway. Adam suffered severe chest injuries and died approximately one hour later.

Carey filed suit in Essex Superior Court on August 27, 2003 and, on October 28, 2003, Textron filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), asserting diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Textron concurrently filed a motion to dismiss from the case the individual members of the Board without prejudice on the ground that Carey had fraudulently joined the individual defendants in this action. The individual defendants also filed a consolidated motion pursuant to Fed.R.Civ.P. 12(b)(6) and 21 seeking to be dismissed from this lawsuit. The Court declines to address the procedural question of whether Textron may move to dismiss a co-defendant because the consolidated motion of the individual defendants renders that question moot. Carey has, in turn, opposed Textron's motion to dismiss the individual defendants and has moved to remand the case to Essex Superior Court on the ground that absolute diversity is destroyed in this case by virtue of the joinder of the individual defendants. Each of those motions are now pending before the Court.

## II. Legal Analysis

■ It is beyond debate that a non-resident defendant may remove a civil case, at law or in equity, from a state court to a United States District Court if the case presents a controversy between citizens of different states and involves the requisite jurisdictional amount. *See Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1, 4 (D.Mass.2001). To determine whether complete diversity exists, the Court must examine the plaintiff's pleading as of the time of the petition for removal. *See id.*, citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939). "If indeed there is not complete diversity, the case must be remanded." *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F.Supp. 626, 628 (D.Mass. 1991), citing 28 U.S.C. § 1447(c).

■ If, however, a request for remand is based upon a fraudulent joinder of a non-diverse defendant without a real connection to the controversy, "the right of removal cannot be defeated" and remand is inappropriate. *See Mills*, 178 F.Supp.2d at 4, citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).[1] A joinder is considered fraudulent if it is a sham and a device used to join a party "without any reasonable basis in fact and without any purpose to prosecute the cause in good faith." *Wilson*, 257 U.S. at 98, 42 S.Ct. 35. "The linchpin of the fraudulent joinder analysis

---

1. As this Court has explained, "[f]raudulent joinder is a term of art used to describe not only the deceptive practice of joining a resident defendant solely to defeat diversity, but also an improper joinder" and does not necessarily mean that the Plaintiff acted to mislead or deceive. *Coughlin*, 776 F.Supp. at 628 n. 3, citing *Rose v. Giamatti*, 721 F.Supp. 906, 914 (S.D.Ohio 1989).

is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Mills*, 178 F.Supp.2d at 4; *see also Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983)("[A] finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant[.]"). Even a theoretical possibility of recovery under state law is insufficient to preclude removal. *Mills*, 178 F.Supp.2d at 5, *citing Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000).

■ In the instant case, whether Carey has fraudulently joined the individual members of the Board of Governors depends upon whether the Massachusetts workers' compensation laws bar her wrongful death claims against those individual defendants.[2] In cases in which an employee sues an employer for wrongful death damages, the Massachusetts wrongful death statute, M.G.L. c. 229, § 2, yields to the provisions of the workers' compensation statute precluding "any civil action for wrongful death of an employee who is subject to the provisions of the workers' compensation laws." *Peerless Ins. Co. v. Hartford Ins. Co.*, 48 Mass.App.Ct. 551, 723 N.E.2d 996, 999 (2000); *accord McDonnell v. Berkshire St. Ry. Co.*, 243 Mass. 94, 137 N.E. 268, 269 (1922); *Cozzo v. Atl. Ref. Co.*, 299 Mass. 260, 12 N.E.2d 744, 747 (1938). Massachusetts courts have endorsed the exclusivity of recovery pursuant to workers' compensation where 1) the plaintiff is an employee, 2) he has suffered a personal injury within the meaning of the compensation act and 3) the injury is shown to have arisen "out of and in the course of employment." *See,*

*e.g., Foley v. Polaroid Corp.*, 381 Mass. 545, 413 N.E.2d 711, 713–14 (1980)(listing elements of exclusivity).

Carey argues in her opposition to Textron's motion to dismiss and in support of her motion to remand that Adam Carey was not an employee of the individual defendants themselves and that the alleged negligence of those defendants render them liable beyond the scope of the exclusivity provision contained in the workers' compensation statute. Moreover, Carey asserts that the individual members of the Board were neither co-employees nor officers or directors of Kernwood. Thus, according to Carey, she has a viable claim for negligence against the individual defendants and there is no complete diversity because at least 12 of the 18 Board members are Massachusetts residents.

Her argument is unpersuasive. The Massachusetts workers' compensation statute (M.G.L. c. 152) has been clearly interpreted as providing the exclusive remedy against employers and employees who commit tortious acts "within the course of their employment and in furtherance of the employer's interest." *Fredette v. Simpson*, 440 Mass. 263, 797 N.E.2d 899, 902 (2003). Regardless of whether the individual members of the Board are considered Adam's employer or co-employees, the workers' compensation statute bars recovery against them in a common law civil suit. *Compare Anzalone v. Massachusetts Bay Transp. Auth.*, 403 Mass. 119, 526 N.E.2d 246, 249 (1988)(precluding common law claims by employees against their co-employees even for intentional acts) *with Foley*, 413 N.E.2d at 715 n. 4 (precluding compensation for injuries caused by willful

---

**2.** Massachusetts requires all employers to maintain workers' compensation insurance to cover their employees in the case of an on-the-job injury or job-related illness, *see U.S. v. Pimental*, 380 F.3d 575 (1st Cir.2004), and

that requirement extends to non-profit employers. *See Twombly v. Ass'n of Farmworker Opportunity Programs*, 212 F.3d 80, 84 (1st Cir.2000).

acts of an employer if the injury arises out of and in the course of employment).

Kernwood's By–Laws provide that, as its governing body, the Board of Governors has the entire management and control of the property, business and general affairs of the Club. The Board is elected from Kernwood's membership and several of the individual defendants also serve as Kernwood's officers. Indeed, Carey's theory that the Board is liable for breach of the duty to maintain a safe workplace logically implies the allegation that an employer/employee relationship existed between the Board and Adam Carey. Moreover, even if the Court treats the Board of Governors as a board of trustees or a board of directors, to which it is clearly analogous, the Board would still be protected by Kernwood's exemption from tort liability under the workers' compensation statute. *See Hurley v. Codman Management Co.,* 27 Mass.App.Ct. 1136, 538 N.E.2d 39, 40 (1989)(holding that the Trustees of Health and Hospitals of the City of Boston were protected by the city's exemption from tort liability).

The joinder of the individual defendants in this diversity action is therefore "fraudulent" (meaning unlawful, not misleading or deceitful) because Carey has failed to state a viable cause of action against those defendants. *See Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875, 877 (1st Cir.1983). The exclusive remedies provided by the Massachusetts workers' compensation framework preclude Carey's common law and statutory claims against the individual defendants for wrongful death and loss of consortium. *See Peerless Ins. Co. v. Hartford Ins. Co.,* 48 Mass.App.Ct. 551, 723 N.E.2d 996, 999 (2000); *St. Germaine v. Pendergast,* 411 Mass. 615, 584 N.E.2d 611, 618 (1992). Thus, the individual defendants are non-diverse defendants without a real and viable connection to the controversy and their joinder cannot de-

feat the right of removal of this action to federal court. *See Mills v. Allegiance Healthcare Corp.,* 178 F.Supp.2d 1, 4 (D.Mass.2001), *citing Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

## ORDER

Based upon and in accordance with the foregoing, the Defendant Textron Inc.'s Motion to Dismiss Co–Defendant, Board of Governors of the Kernwood Country Club for Improper and Fraudulent Joinder (Docket No. 6) is **ALLOWED**. The Plaintiff's Motion in Opposition thereto and Plaintiff's Motion to Remand (Docket No. 13) is **DENIED**. The Consolidated Motion of Defendant Board of Governors of the Kernwood Country Club under Rules 12(b)(6) and 21 (Docket No. 26) is **DENIED** as moot. In their consolidated motion, the individual defendants requested a hearing but, under the circumstances, that is deemed unnecessary.

**So ordered.**