MacDonald, D. Lloyd, J.
Before the Court is the defendant Liberty Mutual Insurance Company’s motion to dismiss for lack of subject matter jurisdiction pursuant to Mass.R.Civ.P. 12(b)(1). For the reasons stated below, the motion is ALLOWED.
Background
Plaintiff Bortone brought a breach of contract action against his employer’s insurer, Liberty Mutual Insurance Company (“Liberty”), alleging that Liberty breached its contract with Bortone’s employer, B&V Enterprises (“B&V”), when it failed to provide workers’ compensation benefits to him. Liberty now moves to dismiss, asserting that Bortone’s claims fall under the exclusive jurisdiction of the Department of Industrial Accidents (DIA).
In January 2000, B&V obtained a workers’ compensation insurance policy from Liberty. On October 16, 2000, Bortone was injured in the course of his employment with B&V as a result of a fall from scaffolding. A claim for workers’ compensation was submitted to Liberty, but Liberty declined coverage on the basis that its policy with B&V had lapsed the prior August due to B&V’s failure to have paid its premiums.
On a third-party beneficiary theory, Bortone claims that he is entitled to benefits under B&V’s policy and that Liberty breached its contract with B&V by failing to do so.
Merits
For purposes of ruling on a motion to dismiss pursuant to Mass.R.Civ.P. 12, the court must accept the factual allegations in the plaintiffs complaint as true. Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 (1998).
The dispute between the parties is a disagreement regarding whether Bortone is entitled to workers’ compensation benefits under B&V’s insurance policy. “[T]he Legislature’s enactment of workers’ compensation legislation in 1911 created ‘rights and remedies and procedure all its own, not previously known to the common or statutory law.’ ” Fleming v. Nat’l Union Fire Ins. Co., 445 Mass. 381, 383 (2005), quoting Ahmed’s Case, 278 Mass. 180, 184 (1932). The system was intended by the Legislature to “supplant the common law tort system as a means for compensating injured employees.” HDH Corp. v. Atlantic Charter Ins. Co., 425 Mass. 433, 438 (1997). It is “self-contained” and “designed specifically to protect injured workers.” Fleming, 445 Mass. at 383. The workers’ compensation statute, G.L.c. 152, “requires that all . . . claims for workers’ compensation benefits be adjudicated through the [DIA], not the courts.” HDH Corp., 425 Mass. at 439.
*318 Bortone seeks to get around the “comprehensive statutory and regulatory scheme” of chapter 152, Fleming, 445 Mass, at 385, by asserting a breach of contract claim in this court.
Notwithstanding the fact that plaintiffs claim is styled as a breach of contract, his “cause of action is still fundamentally encompassed within the overarching workers’ compensation framework.” Id. at 383. “No matter what the allegations of the complaint, as a matter of law, workers’ compensation benefits cannot be recovered by instituting a civil action.” HDH Corp., 425 Mass. at 437 (employer brought action against its workers’ compensation carrier to recoup monetary damages paid to employee pursuant to an arbitration award). See also Lee v. Int’l Data Group, 55 Mass.App.Ct. 110, 115 (2002).
Thus, to the extent Bortone’s breach of contract claim against Liberty rests upon an issue of insurance coverage, he must assert his right to workers’ compensation benefits in the DIA, and follow the procedures provided in G.L.c. 152 and chapter 452 of the Code of Massachusetts Regulations. Thus, this Court is without subject matter jurisdiction, and the complaint must be dismissed.[1]
ORDER
Defendant Liberty Mutual Insurance Company’s motion to dismiss is ALLOWED. The complaint is DISMISSED.

Bortone cites O’Dea v. J.A.L., Inc., 30 Mass.App.Ct. 449 (1991), in support of his position that the court has subject matter jurisdiction. In that case, an injured employee brought suit directly against his employer because the insurer had disclaimed coverage on the ground that the policy had lapsed. After judgment was entered in favor of the employee, the insurer decided to accept his claim for benefits. The employer then moved for relief from the judgment. The Appeals Court held that the insurer’s belated acceptance of the employee’s claim (which, if timely, would have precluded the court from having jurisdiction to have heard the case) did not retroactively render the judgment against the employer void. In a rationale resting largely on considerations of the need for finality, the Appeals Court held that a trial court, which at the outset had jurisdiction, cannot under such circumstances be shorn of jurisdiction by subsequent events. Id. at 453. The Appeals Court held that “the facts known at the time of the bringing of the action should govern.” Id. at 454. O'Dea does not help Bortone here because at the time Bortone brought his claim against the insurer, this court did not have jurisdiction to hear it on account of the fact that the coverage issue underlying the claim rested in the exclusive jurisdiction of the DIA.