Lauriat, J.
Acadia Insurance Company (“Acadia”) has moved for summary judgment in its favor on the declaratory judgment action brought by Garnet Construction Company, Inc. (“Garnet”) as to whether Acadia owes a duty to defend or indemnify Garnet against claims for contribution and indemnify in a civil action brought by Robert Drover (“Drover”), an employee of Garnet injured in a workplace accident. Garnet has cross-moved for summary judgment on the issues of contribution and indemnify, as well as on its breach of contract claim against Acadia. For the following reasons, Acadia’s motion for summary judgment is allowed, and Garnet’s motion is denied.
BACKGROUND
Acadia has insured Garnet under a workers’ compensation policy (“WC Policy”) and a commercial general liability policy (“CGL Policy”). On October 27, 1999, Drover, an employee of Garnet, was injured while working for Garnet on a construction project at Harvard University ("the Harvard project”). Following his accident, Drover received workers’ compensation benefits for his injuries through Garnet’s WC Policy.
On December 20, 1999, Drover filed a civil action in Suffolk Superior Court seeking damages against the general contractor of the Harvard project, Shawmut Design and Construction Company (“Shawmut”), claiming that its negligence caused his injuries. On August 2, 2000, Shawmut filed a third-party complaint in that action against The Woodworks Architectural and Millwork, Inc. (“Woodworks”), the subcontractor overseeing Drover’s work. On March 23, 2001, Woodworks filed an amended fourth-party complaint against Garnet which asserted claims for contribution, indemnity, and implied contractual indemnity. On March 27, 2001, Garnet tendered Woodworks’ complaint to Acadia and demanded that Acadia defend and indemnify Garnet against Woodworks’ complaint pursuant to Garnet’s WC Policy and CGL Policy. Acadia denies that it has any such duty.
DISCUSSION
Summary judgment will be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. See Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The materials presented by the moving party need not negate or disprove every element of the claim of the party on whom the burden of proof at trial will rest, but they must demonstrate that there is no reasonable expectation that proof of one or more of the elements will be forthcoming at trial. See Kourouvacilis v. General Motor Corp., 410 Mass. 706, 711-16 (1991).
I.
Garnet first asserts that Acadia has a duty to defend it against Woodworks’ claim under its WC Policy. The court disagrees. The Supreme Judicial Court has concluded that workers’ compensation insurers have no duty to defend or indemnify the employer when an employee, who has not rejected workers’ compensation, brings a civil action against the employer. See HDH Corp. v. Atlantic Charter Ins. Co., 425 Mass. 433, 438 (1997).
In this case, the WC Policy states that Acadia will provide coverage for employee’s bodily injuries, “where recovery is permitted by law.” Drover chose to receive workers’ compensation, and in fact received workers’ compensation benefits from Acadia. Applying the SJC’s holding in HDH Corp., Acadia owes no duty to Garnet under the WC Policy.
II.
Garnet also asserts that Acadia has a duty of contribution and indemnity pursuant to the “insured contract” exception in the CGL Policy. The “insured contract” definition provides “that part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for ‘bodily injury’ or ‘property damage’ to a third person or organization . . .” Garnet contends that the “other contract” in this case is section 3(h) of the contract between Garnet and Woodworks. Section 3(h) provides for “[installation to include, but not limited to the following: General conditions of building and owners’ requirements.” According to Garnet, this provision relates to the contract between Harvard and Shawmut, where, in Section 3.18.1, they agree that, “the contractor shall indemnify, and hold harmless the owner, architect, architect’s consultants and agents and employees of any of them from and against claims, damages, losses and expenses . .. resulting therefrom but only to the extent caused in whole or in part by negligent acts ...” Garnet contends that reading these two provisions together, Acadia must provide indemnification and contribution. The court disagrees.
*473 First, Acadia does not have a duly to provide Garnet with contribution. General Laws c. 231B, §1 provides that where “two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them ...” This language requires that “the potential contributor be directly liable to the plaintiff.” Liberty Mut. Ins. Co. v. Westerlind, 374 Mass. 324, 526 (1978). Therefore, Acadia would have to be directly liable to Drover. Since this is not the case, Acadia does not have a duly to provide contribution to Garnet. Furthermore, when an employee receives workers’ compensation benefits from his employer, the employer is immune from any contribution claim. See id. Thus, Acadia has no duty to provide contribution to Garnet.
Nor does Acadia have a duty to indemnify Garnet pursuant to the CGL Policy. It is well established under Massachusetts law that “the interpretation of an insurance contract is a ‘question of law for the trial judge . . .’ ” Jefferson Ins. Co. of New York v. City of Holyoke, 23 Mass.App.Ct. 472, 475 (1987), quoting Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982). In the circumstances of the present case, the court concludes that Section 3(h) of the contract between Woodworks and Garnet does not establish a duty on Acadia to indemnify Garnet.
An indemnification clause in an “insured contract” must be expressly stated. See Brooks v. Colton, 760 A.2d 393, 395 (Pa.Super., 2000). Furthermore, the “general rule is that there must be express language creating an obligation to indemnify one against his own negligence.” Rathbun v. Western Massachusetts Elec. Co., 395 Mass. 361, 363 (1985). Section 3(h) of the contract between Garnet and Woodworks, which Garnet relies upon, does not mention indemnify, and only refers to “(gleneral conditions of building and owners’ requirements.” This language is not sufficiently explicit to relate it back to the indemnification provision of the contract between Harvard and Shawmut. Moreover, Woodworks by its own admission in the amended fourth-party complaint, has characterized its indemnification claim as one for implied contractual indemnity. Under these circumstances, the court concludes that the parties did not create language that could be construed as an express indemnity clause, and Garnet’s argument fails. Thus, Acadia does not have a duty to indemnify Garnet under the CGL Policy.
The court further concludes that Acadia has not breached its contract with Garnet, since Acadia does not have a duly to provide contribution or indemnification to Garnet. Thus, the breach of contract claim must be dismissed.
ORDER
For the foregoing reasons, Acadia Insurance Company’s Motion for Summary Judgment is ALLOWED, and Garnet Construction Company, Inc.’s Cross Motion for Summary Judgment is DENIED.